**STATE of Tennessee, Appellee,**

v.

**Tyler Wayne BANES, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 20, 1993.

Permission to Appeal Denied by Supreme Court Feb. 28, 1994.

OPINION

WHITE, Judge.

This appeal is as of right from a judgment entered by the Madison County Criminal Court finding the appellant guilty of aggravated rape and aggravated sexual battery. On appeal, the appellant challenges the sufficiency of the evidence, the introduction of a letter written by the appellant, and the separate convictions for aggravated sexual battery and aggravated rape. We affirm the aggravated rape conviction but modify to dismiss the aggravated sexual battery conviction.

The victim [1], age eleven, was alone in her mother's home in August or September 1990 when the appellant, her mother's cousin, came to visit. The appellant was a frequent visitor in the home who the victim had known since about the third grade. When the appellant, age twenty-seven years, came to visit on this occasion, he asked the victim if she wanted to have sex with him. She agreed although she had not had sex with appellant previously. The appellant told the victim he had "nutted" in her and she should not tell anyone because he could go to jail. He also told her that if she had a problem to tell people that she had sex with a young boy.

In April 1991, the victim's mother took her to the doctor because her feet began to swell. The doctor examined her and found that she had venereal diseases and was seven months pregnant. The victim told her mother and the doctor that she had sexual relations with the appellant.[2] After a brief investigation, appellant was arrested and charged.

After the victim delivered her baby in June 1991, the appellant called her from jail to suggest that she claim that someone else was the baby's father. The appellant told the victim that he wanted to get out of jail so that he could help with the baby. He suggested that if she married him "he would get out of jail." From July 1991 until the day before trial, the appellant's mother cared for

Rayna Hardee Bomar, Hardee & Martin, P.A., Jackson, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Ellen H. Pollack, Counsel for the State, Nashville, Jerry Woodall, Dist. Atty. Gen., Don Allen, Asst. Dist. Atty., Jackson, for appellee.

1. Consistent with court policy, because the victim is a minor, she will not be referred to by name.

2. The victim previously had sexual intercourse with two other males, but believed the baby to be

the appellant's because "he was the last person that [she] had had sex with and [she] didn't start getting sick until after [she] had had sex with [the appellant] and ... [the appellant] had told [her] that he had nutted in [her]."

and reared the baby. The victim wrote letters and birthday cards to the appellant professing her love for him after their sexual relations.

On cross-examination, the victim admitted that she had been untruthful about her sexual relations in her statements to the Department of Human Services, the detective in charge of the case, the doctor and nurse, and the appellant. In January 1992, when a blood test revealed that the appellant was not the father of the child, the victim told the investigators about her sexual relations with others. Even after her revelation, the appellant's mother continued to take care of the child.

The victim's mother and family physician testified and corroborated much of the victim's testimony. The state also offered the testimony of Richard Lee Grinalds, a former assistant district attorney in charge of prosecuting the appellant's case, who identified a letter he had received from the appellant. In the letter, the appellant confessed to having sex with the victim but requested that the assistant district attorney dismiss or modify the charges because of appellant's pre-existing sentence and his desire to take care of the baby. Appellant admitted writing the letter but claimed he was coerced by an inmate named James Carter. The warden and the former assistant district attorney acknowledged that James Carter might have been incarcerated at the penal farm with the appellant during the time that the letter was written.[3]

At the close of the state's proof, the court dismissed count three of the indictment which charged the appellant with aggravated child abuse. The defense offered, by stipulation, the results of a blood test that excluded the appellant as the father of the child. Additionally, the appellant called Detective Golden who verified that the victim had been untruthful about her prior sexual activity during the investigation. The appellant testified, denied having sexual relations with the victim, and claimed to have learned of the accusation when questioned while incarcerated. On cross-examination, the appellant admitted numerous previous felony convictions.

Based on this evidence, the court denied the appellant's motion for judgment of acquittal and submitted counts one and two of the indictment to the jury for deliberation. Count one of the indictment charged that the appellant

> on or about the ___ day of September, 1990, in Madison County, Tennessee, ... did unlawfully sexually penetrate *, a person less than thirteen years (13) years of age, in violation of T.C.A. 39–13–502.

Count two of the indictment charged that the appellant

> on the ___ day of September, 1990, in Madison County, Tennessee, ... did unlawfully engage in sexual contact with *, a person less than thirteen (13) years of age, in violation of T.C.A. 39–13–504.

The judge instructed the jury on the essential elements of both aggravated rape and aggravated sexual battery. He did not give any jury instructions on lesser included offenses or instruct the jury as to the effect of a guilty verdict on the aggravated rape charge. Instead, he gave the following instructions:

> The crime charged in each count of the Indictment is a separate and distinct offense. You must decide each charge separately on the evidence and the law applicable to it. The defendant may be convicted or he may be acquitted on any or all of the offenses charged. Your finding as to each crime must be stated in your verdict.

The judge then submitted to the jury a verdict form which required a finding on each of the offenses in the indictment. Neither attorney objected to the court's charge or verdict form.

---

3. The appellant filed a pretrial motion to suppress the letter alleging that it was not freely and voluntarily written, that it was coerced by an agent of the state, and this it was tantamount to a coerced and involuntary confession secured in violation of the appellant's Fifth Amendment rights. On appeal, the appellant abandoned his Fifth Amendment argument in favor of a Sixth Amendment one that the confession was in violation of his right to counsel. No hearing on the motion to suppress is in the record. Counsel did not object to the introduction of the letter at trial. This issue is discussed in section two.

After deliberations, the jury announced guilty verdicts on both charges. At sentencing, the state argued for separate concurrent sentences on the two offenses. The court thoroughly addressed each of the enhancement and mitigating factors raised by the state and defense and sentenced the appellant to concurrent sentences of twenty-two years on aggravated rape and ten years on aggravated sexual battery. In addition, the court made the following statement:

> They are the same for the same incident, so they must be a concurrent sentence. They really should merge into one sentence. I'm not really sure how to handle this, so I'm going to let both convictions stand, but it is one offense, and the reason for that is—I run into this quite often when you have a situation like this. It's the same like when you've got a sale and delivery of cocaine, a two-count Indictment. You don't know where the case is going on appeal and if I were to dismiss one, the Appellate Court might turn around and say I dismissed the one that the State had a legal case on and let him stand convicted on the one that they didn't have a legal case on. So I'll let them both stand. Somewhere down the line, these ought to be merged into one offense, but I'm not going to do it now for the reason that I just stated. You don't know what route it's going to take on Appellate review, so both will stand. The sentences will be concurrent.

Subsequently, in the motion for new trial hearing, the appellant argued that the aggravated sexual battery conviction should have been dismissed since the testimony did not include evidence of any sexual contact other than the actual act of sexual intercourse. The court and the assistant district attorney had the following discussion:

> THE COURT: I wonder about the merger of the aggravated—was it aggravated sexual battery?
>
> . . . . .
>
> THE COURT: Of course, I gave concurrent sentences; right?
>
> MR. ALLEN: Yes, sir.

THE COURT: Refresh my memory. Were we just relying upon one incident?

MR. ALLEN: Your Honor, I believe this was just one incident. If I recall, I think the proof was pretty clear that he had asked her about having sex and she agreed to it—

THE COURT: She agreed to it, yeah.

MR. ALLEN: —and there was just one sexual act that actually took place. I believe the Court at sentencing made the statement about—well, the fact that the sexual battery took place and then thereafter the intercourse took place, that the Court was going to treat that as one incident and run these sentences concurrently—

THE COURT: Right.

MR. ALLEN: —but the Court felt that both convictions should stand because of the separate and distinct offenses. Of course, we didn't argue for consecutive sentences. I don't think that would be proper under the circumstances.

THE COURT: You know, this presents a problem that you run into in a situation like this. I never have quite known how to handle it. He was guilty of both.

MR. ALLEN: Yes, sir.

THE COURT: As a matter of fact, everybody that commits a rape is guilty of sexual battery; right?

MR. ALLEN: Yes, sir.

THE COURT: And suppose that it went up to the Appellate Court, and maybe not this case, probably not this case, but some other case, and they find that the evidence supported the aggravated sexual battery, but not the aggravated rape. There was not sufficient support for the penetration part; right?

MR. ALLEN: Right.

THE COURT: Well, if I just dismissed one case, suppose I dismissed the aggravated sexual battery, where would you be? No conviction. So it could present a problem if I go dismissing something and, you know, it's almost—of course, it could be a lessor [sic] included offense.

The other side of the coin is, I don't think it's fair to a person who has a record

that it shows an aggravated rape and an aggravated sexual battery. It makes it two crimes. I mean, you know, if you got into an habitual criminal statute or something like that, it could work unfairly.

So I don't know what to do with it. I think maybe, you know, find him guilty, but I'm going to rule that they merge into one offense, which is aggravated rape, but I'm not dismissing the aggravated sexual battery. I'm holding he's guilty of it, but I think it would be a good idea, it might take a special order, that they're both merged. Having been found guilty of both, being guilty of both, they're merged into one single offense, which we'll call aggravated rape.

But this comes up a lot of times when you have things like this and, of course, if it was a lessor [sic] included offense, and I suppose aggravated sexual battery would always be a lessor [sic] included offense of rape. You can't rape somebody without touching them, can you? And so if it were a lessor [sic] included offense, you would have gone down on aggravated rape, period. But you charge them separately, so I'm going to just draw a special order or something merging this into one offense of aggravated rape, but I'm not dismissing the aggravated sexual battery because he's guilty of that, too. Just like they always are when they commit aggravated rape.

The judgments in this case reflect two separate convictions with concurrent sentences. No order merging the convictions appears in the record.

## I.

The first issue raised by appellant is whether the evidence in this case was sufficient to support the jury verdict of guilt beyond a reasonable doubt. Because a disposition of the sufficiency issue on the aggravated sexual battery conviction relates to appellant's third issue, we will address the two together.

■ A jury verdict, approved by the trial judge, resolves all conflicts in the evidence in favor of the state, removes the presumption of innocence and replaces it with a presumption of guilt. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983). Thus, on appeal the state is entitled to the strongest legitimate view of the evidence and to all reasonable inferences which may be drawn. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn.1978). On appeal, this court must review the evidence to determine whether any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Our duty is to set aside a conviction only if the evidence is not sufficient to support the trier's findings. Tenn. R.App.P. 13(e); *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ The appellant was charged in count one of the indictment with aggravated rape. Aggravated rape is "unlawful sexual penetration of a victim by the defendant ... accompanied by any of the following circumstances: ... (4) The victim is less than thirteen (13) years of age." Tenn.Code Ann. § 39–13–502(a)(4) (1991 Repl.).[4] Sexual penetration means "sexual intercourse, ... or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's or any other person's body, but emission of semen is not required." Tenn.Code Ann. § 39–13–501 (1991 Repl.). In this case, the victim testified that she was eleven years of age at the time that she and the appellant had sexual intercourse. That proof is sufficient for a rational trier of fact to conclude that the appellant committed the offense of aggravated rape.

■ It is true that the appellant denied the victim's contentions. It is equally true that the victim's credibility was challenged by proof that she had not been truthful with the investigators in the case. Assessing the credibility of witnesses, however, is the purview of the jury. In this situation, the victim gave explanations for her failure to admit to sexual activity with other individuals. The jury was in an excellent position to assess the credibility of the victim and the appellant,

4. The 1992 amendment, effective July 1, 1992, deleted this circumstance and codified it as a separate, new crime, "Rape of a child" at Tennessee Code Annotated Section 39–13–522.

both of whom testified in this case. As a result of hearing the testimony, viewing the demeanor of these two key witnesses, and considering the testimony in light of all the facts of the case, the jury determined that the victim was believable. Sufficient evidence supports the guilty verdict on count one charging the appellant with aggravated rape.

Count two of the indictment charged the appellant with aggravated sexual battery occurring at the same time and place as the aggravated rape. It is apparent from the testimony and from the assistant district attorney's comments that the state did not allege that the appellant committed two separate acts, one constituting aggravated rape and the other constituting aggravated sexual battery. Rather, the state alleged the commission of only one offense.

Aggravated sexual battery is "unlawful sexual contact with a victim by the defendant or the defendant by a victim ... [when] the victim is less than thirteen (13) years of age." Tenn.Code Ann. §§ 39–13–504(a) & 39–13–502(a)(4) (1991 Repl.).[5] Sexual contact means the "intentional touching of the victim's, the defendant's, or any other person's intimate parts ... if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification." Tenn.Code Ann. § 39–13–501(6) (1991 Repl.).

The victim's description of the sexual act in this case was as follows:

> We went upstairs and he asked me was I ready and I said yes, and we went into my bedroom and that's when we had sex.... Well, I pulled down my clothes and he pulled down his and I got in the bed.... He got on top of me.... I was laying like crossways.... Well, I was laying down and he laid down on top of me.... He stuck his private part in me.... He stuck

it in my vagina.... Then we started having sex.... It lasted about five minutes.

It is obvious from this description by the victim, which was the only evidence adduced concerning the sexual act between the victim and the appellant, that only one incident occurred.

 Under these circumstances, while it may have been appropriate to instruct on both offenses,[6] the jury should have been advised that aggravated sexual battery was a lesser included offense of aggravated rape. The charge should also have instructed the jury as to the order and method of consideration of the lesser included offenses. *See* T.P.I.Crim. 35.01; Raybin, Tennessee Criminal Practice and Procedure, § 30.70 (1985). Instead, the jury was incorrectly advised that the two offenses were separate and required separate verdicts.

 The court and counsel were clearly uncertain as to the effect of the two-count indictment. While the appellant urged the court, in the motion for new trial, to dismiss the aggravated sexual battery conviction, appellant did not move to dismiss, object to the exclusion of a lesser included offense jury charge, or move for judgment of acquittal due to insufficient evidence to sustain both convictions. Nonetheless, under these circumstances, in which the evidence is totally insufficient to support separate convictions, we cannot deem the appellant's failures as waiver. The evidence in this record is insufficient to sustain a conviction for aggravated sexual battery separate and distinct from appellant's aggravated rape conviction. The appellant's conviction for aggravated sexual battery must be set aside. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

 Under some circumstances the offense of aggravated rape and aggravated

---

**5.** Evidently the 1992 amendment of Tennessee Code Annotated Section 39–13–502(a)(4) had the effect of eliminating this type of aggravated sexual battery.

**6.** In Tennessee, defendants have a constitutional right, implicit in the right to a jury trial, and a statutory entitlement, to have the jury charged on "the law of each offense included in the indictment, without any request." *Strader v. State*, 210

Tenn. 669, 362 S.W.2d 224 (1962); Tenn.Code Ann. § 40–18–110(a) (1990 Repl.). The rule applies, however, only when the evidence presented would support an inference of guilt on the lesser charge. *Id.* Conversely, if the evidence clearly shows the defendant is guilty of the greater offense or no offense at all, the court is not required to charge the jury on the lesser offenses. *State v. Boyd*, 797 S.W.2d 589 (Tenn.1990).

sexual battery, though lesser included offenses, would support separate charges and separate convictions. *See Howard v. State,* 578 S.W.2d 83 (Tenn.1979); *State v. Reed,* 689 S.W.2d 190 (Tenn.Crim.App.1984), *perm. to appeal denied,* (Tenn.1985); *State v. Johnson,* 670 S.W.2d 634 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1984) (aggravated rape and aggravated assault). The determination requires an analysis of the allegations of the indictment, the proof, and the elements of the offense. *Howard v. State, supra.* Here, the counts of the indictment alleged, and the proof established, a single act. The elements of the lesser included offense, aggravated sexual battery, must all be established before the greater offense, aggravated rape, can be proved. Consequently, only one conviction can stand. We reverse the aggravated sexual battery conviction and dismiss that charge. *See State v. Reed, supra; State v. Johnson, supra.*

▆▆▆ To alleviate the confusion expressed by counsel and the court on this issue, we discuss the appropriate procedure. First, it is unnecessary for the state to include lesser included offenses as separate counts in an indictment. An indictment charging a greater offense impliedly charges all lesser included offenses for which the proof would support a conviction. *Strader v. State,* 210 Tenn. 669, 362 S.W.2d 224 (1962); Tenn.R.Crim.P. 33(c); *see generally* Torcia, 2 Wharton's Criminal Procedure § 267 (1990). While charging the greater and lesser offenses is not necessary, case law allows joinder in separate counts of the same indictment.[7] *Galbreath v. State,* 187 Tenn. 669, 216 S.W.2d 689 (1948).

▆▆ In the event the state has charged greater and lesser offenses[8] in the same indictment, the court should clearly instruct the jury as to the nature of the charges and the manner of considering them in their deliberations. Specifically, the court should advise the jury:

> If you have a reasonable doubt as to the defendant's guilt of [the greater offense] as charged in [count one] of the indictment, then your verdict must be not guilty of this offense, and then you shall proceed to determine his guilt or innocence of [the lesser included offense] as charged in [count two] of the indictment.

T.P.I.Crim. 35.01 & 35.02. It is also appropriate for the court to emphasize by additional instruction or by verdict form that under the circumstances of the case only one conviction is appropriate. As always, we believe it is prudent that the jury be told, in advance, so that they can properly evaluate the evidence and not be misled into believing that they are determining guilt or innocence on more than one offense when, in fact, only one criminal act is charged. The process of having the jury separately deliberate lesser included offenses after a verdict has been reached on the greater offense is unnecessary, misleading, and may be prejudicial.[9] Here the court incorrectly instructed the jury to render separate verdicts. While it is apparent that counsel knew that the proof would sustain only one conviction, no objection was made to the jury instruction or the verdict form. The jury, as instructed, returned a verdict on each count, both of which were guilty.

---

7. Rule 8 of the Tennessee Rules of Criminal Procedure mandates the joinder of "offenses ... based upon the same conduct or aris[ing] from the same criminal episode." Tenn.R.Crim.P. 8(a). This rule is for the purpose of promoting judicial efficiency by requiring a single trial in these circumstances. The rule does not require the separate charging of greater and lesser offenses as the charge of the greater impliedly charges the latter. *See* Raybin, Tennessee Criminal Procedure, §§ 17.22, 31.32; *but see State v. Beard,* 818 S.W.2d 376 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1991).

8. A prosecutor's office that elects to charge lesser included offenses as separate counts of an indict-

ment should make it clear to the trial court whether they intend to prove separate offenses or whether they are relying upon a single act of conduct. In the event the prosecutor's office is alleging separate offenses, the court must evaluate each of those offenses upon a motion for judgment of acquittal to determine whether the evidence is sufficient to support a conviction for that offense.

9. On the facts of this case where the proof is overwhelming, it is obvious that no prejudice is attendant to the jury deliberation of the lesser included offense as a separate offense.

 In the circumstance, in which two guilty verdicts are returned as to alternative charges, the guilty verdict on the greater charge stands and the guilty verdict on the lesser charge merges [10] into the greater charge. *State v. Davis*, 613 S.W.2d 218 (Tenn.1981). The judge should enter a judgment of conviction on the greater offense and a judgment merging the lesser offense into the greater.

The trial court here recognized these issues but was concerned that a dismissal of the conviction for the lesser offense might result in a total dismissal in the event appellant was successful on appeal of the conviction for the greater offense. A merger of the offenses removes that potential.

 Both the assistant district attorney and the trial judge believed that any defect which the separate convictions caused was cured by the imposition of concurrent sentences.[11] The trial judge noted, however, that the conviction would have collateral consequences which might adversely affect appellant. We agree. We hold that imposing concurrent sentences does not cure the error committed when a single act of criminal conduct is used to convict a defendant of the greater and lesser included offenses. The operative question is whether the evidence supports separate convictions. If it does not, double jeopardy prohibits separate convictions, *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *State v. Black*, 524 S.W.2d 913 (Tenn.1975), unless the statutes clearly suggest that separate convictions were intended. *See Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Different considerations are necessary to determine whether separate convictions support consecutive sentences. Tenn.Code Ann. § 40–35–115 (1990 Repl.); Tenn.R.Crim.P. 32(c). The manner of the service of the sentence, however, does not correct the defect created by dual convictions for greater and lesser offenses.

In this case the trial court should have merged the lesser included offense into the greater when the verdict was returned. In light of our affirmance of the aggravated rape conviction, we have dismissed the aggravated sexual battery conviction rather than remand for the entry of a judgment of merger.

II.

 In his second issue, appellant challenges the introduction of a letter written in his handwriting and mailed to the assistant district attorney before trial. The letter, filed as exhibit one in this trial, can best be viewed as a confession. It states as follows:

Dear Sir.

Mr. General Leigh Grinalds

Will you please sir dismiss the aggravated rape charge against me because I didn't rape her or take it, you can ask the city police Mr. J.R. Golden and the girl please do Also will you drop the other two charges down besided [sic] Aggravated sexually battiery [sic] and Aggravated child Abusing to a smaller term or charge So I want [sic] get so much time because I am all [sic] ready doing 5 yrs. I thought that she was older than that. I am telling the truth also I did have sex with her only one time but I didn't force her or take it. This is my frist [sic] time and last time. Give me a change so I could take care of the baby she [sic] going to have My heart an't [sic] big enough to rape or rob nobody never have new will. Also I ASK GOD to forgive me for my Sin. And I am trying to live a Christian life know [sic]

Tyler W. Banes

Thank you Sir.

While the appellant admitted that the letter was in his handwriting, he claimed that

---

10. Merger of offenses can occur because of statutory limitations, factual overlap, or because offenses are lesser included. *See* Raybin, Tennessee Criminal Procedure, § 16.20 (1985).

11. Some authorities agree with the position that the court can allow the two convictions to stand but cure the defect by only imposing sentence on one count. Torcia, 4 Wharton's Criminal Procedure, § 503 (1990). Because of the mandates of the Double Jeopardy Clause and the collateral consequences of convictions in Tennessee, we disagree.

an inmate, named James Carter, "had advised—coerced [him] into writing [it]" and mailed it to the assistant district attorney. When asked what he meant by coercion, the appellant replied, "[a]bout forcing me and telling me it's the right thing to do and that, you know, it would help him out and get his time reinstated back on probation and it would help me to get my time to a lessor [sic] charge."

■ Prior to trial, appellant filed a motion to suppress the statement challenging that it was "tantamount to a coerced [sic] and involuntary confession ... secured in violation of Defendant's Fifth and Fourteenth amendment rights under the Constitution of the United States." While the motion was required to be heard and determined before trial, Tenn.R.Crim.P. 12(e), no transcript of a suppression hearing appears in this record. Further, no order disposing of the motion is of record either. Thus, we must presume that the motion was not litigated. When the defendant does not bring a motion to hearing for ruling before trial, he waives the issues raised. *State v. Aucoin,* 756 S.W.2d 705, 709 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1988).

■ It is the appellant's obligation to have prepared an adequate record in order to allow meaningful review on appeal. Tenn. R.App.P. 24(b); *State v. Bunch,* 646 S.W.2d 158, 160 (Tenn.1983); *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1988). An appellate court cannot consider an issue which is not preserved in the record for review. *Id.* Thus, we are initially precluded from determining the appellant's suppression issue because of the lack of an adequate record upon which to review this issue.

■ In addition, we note that appellant's theory for the exclusion of the statement has shifted since the filing of the motion. An appellant cannot change theories from the trial court to the appellate court. *State v. Matthews,* 805 S.W.2d 776, 781

(Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1990); *State v. Aucoin,* 756 S.W.2d 705, 709 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1988). In his brief on appeal, the appellant challenges that the letter was involuntary, was coerced by an agent of the state, and was admitted in violation of his Sixth Amendment right to counsel. Appellant contends that James Carter, the inmate who he claimed coerced him, was "working for the state when he made the defendant write the letter." While the appellant correctly cites authorities concerning the admissibility of state-induced confessions following the attachment of the right to counsel, there is absolutely no proof in this record from which a determination can be made that James Carter was an agent for the state. That factual determination and the others raised in the suppression motion were matters for the trial judge. We are therefore precluded from reviewing this issue because of a complete failure on appellant's part to adequately preserve the issue for appeal.

Additionally, to further confirm appellant's waiver of this issue, we note that no objection was made at trial. One who participates in or invites error is not entitled to relief. Tenn.R.App.P. 36(a). For these numerous reasons, we find that the appellant has waived the issue of the admissibility of his letter into evidence.

In accordance with this opinion, the appellant's conviction for aggravated sexual battery is dismissed. His conviction for aggravated rape and all other matters are affirmed.

BIRCH and WADE, JJ., concur.