# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1997 SESSION



**FILED**

May 28, 1997

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No.  03C01-9607-CR-00277 |
| Appellee, | ) |
| | ) Knox County |
| V. | ) |
| | ) Honorable Richard R. Baumgartner, Judge |
| | ) |
| **DONALD C. LEE,** | ) (Felony murder, robbery, reckless |
| | ) endangerment, aggravated assault, and |
| Appellant. | ) vehicular homicide) |

FOR THE APPELLANT:

Leslie M. Jeffress
Attorney at Law
1776 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Gregory H. Harrison
Assistant District Attorney General
City-County Building
400 Main Street, P.O. Box 1468
Knoxville, TN 37901-1468

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

## O P I N I O N

The appellant, Donald C. Lee, was convicted by a jury of felony murder, robbery, reckless endangerment, aggravated assault, and vehicular homicide. He was sentenced to life for the felony murder conviction. This sentence was ordered to run consecutively to the 37 years he received on the other convictions. He appeals raising the following issues for review:

> 1) whether the evidence is sufficient to support a felony murder conviction;
>
> 2) whether the evidence is sufficient to support a vehicular homicide conviction;
>
> 3) whether a state rebuttal witness was properly allowed to express his opinion regarding the driver of the appellant's vehicle; and
>
> 4) whether his sentence is proper.

Upon review, we affirm the judgment of the trial court.

## FACTS

The appellant entered the Super-X drug store in Knoxville. He forced the pharmacist to open the safe and give him all Schedule II, III, and IV narcotics. A witness saw him leaving the pharmacy in a white truck. The driver of the white truck let the appellant out in an adjacent parking lot. The police immediately apprehended the driver. He informed the police that the appellant left in a brown Ford containing one passenger. Approximately 25 minutes later the appellant was spotted by the police and a high-speed chase ensued. In an effort to get away, the appellant struck the side of the police car. He erratically cut in front of other motorists. He slammed on his brakes causing the police car to slam into the rear of his car. The appellant eventually swerved into the oncoming lane of traffic and struck a Jeep. The appellant's passenger and the driver of the Jeep were killed in the head-on collision.

**I**

In his first issue the appellant contends that the evidence was insufficient to support a conviction for felony murder. He argues that the killing of the victim did not occur during the perpetration of the robbery. He claims that he had successfully completed the robbery and made a successful getaway when the police chase ensued. We disagree.

The purpose of Tennessee's felony murder statute is to prevent the death of innocent persons likely to occur during the commission of certain inherently dangerous felonies. The applicable statute reads in pertinent part:

> First degree murder. (a) First degree murder is defined as:
>
> (2) A reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnaping or aircraft piracy.

Tenn. Code Ann. § 39-13-202(a)(2) (1991). The appellant's contention is simply that the robbery had been completed when he collided with the Jeep causing the death of its driver. We note that the protraction of events over time and distance accentuate the problem of determining whether the underlying felony had reached completion before the death occurred. However, other jurisdictions have held that a person is engaged in the commission or perpetration of a robbery while the criminal is trying to escape with the property taken in such robbery. Campbell v. State, 227 So. 2d 873 (Fla. 1969). Factors to be considered in determining whether there has been a break in the chain of circumstances include the relationship between the underlying felony and the homicide in point of time, place, and causation. One commentator suggests that in the case of flight, the most important consideration is whether the fleeing felon has reached a "place of temporary safety." LaFave, Substantive Criminal Law, § 7.5 (1986). We also note that the determination of whether the act of escape or flight is a continuous part of the accomplished crime or whether the defendant has reached a place of temporary safety is a question for the trier of fact. See Commonwealth v. Dellelo, 209 N.E.2d 303 (Mass. 1965).

In this case the appellant was spotted by a police officer approximately 25 minutes after the robbery occurred. The appellant, in his brief, states that he and his accomplice planned to rendezvous and split up the fruits of the robbery. We find that a rational trier of fact could find, and indeed did find, that the homicide occurred in furtherance of the robbery. Nothing in the record indicates that the appellant had reached a place of temporary safety. The homicide was clearly a result of the high-speed chase necessitated by the appellant's attempt to flee the area of the crime. It is a legitimate and logical assumption that one who plans a robbery and carries it out has also planned to escape from the scene of the crime. His flight is an integral part of the crime. Since asportation is an element of robbery, the felony is still in progress while the defendant is fleeing from the scene with the stolen property. We find the evidence sufficient to support the appellant's felony murder conviction.

II

The appellant next contends that he cannot be convicted of vehicular assault because there was insufficient proof that he was the driver of the vehicle. We disagree.

Jury verdicts accredit state's witnesses and resolve all evidentiary conflicts in the state's favor. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). When appellants challenge the sufficiency of the evidence, this Court must only determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia,

-4-

443 U.S. 307 (1979); Tenn. R. App. P. 13(e); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985).

The record reveals that the vehicle was registered to the appellant. At trial two police officers testified that they observed the appellant driving the vehicle during the high speed chase. Also, an uninterested motorist identified the appellant as the driver of the car. Finally, a member of the rescue squad testified. He stated that when he arrived on the scene the appellant's car was found resting on the driver's side door. The appellant's right foot was entangled in the driver side floorboard, and he was trapped behind the steering wheel underneath the other passenger in the car.

Based upon the evidence supplied by several witnesses, a rational trier of fact could have concluded that the appellant was driving the vehicle when the deadly collision occurred. We find the evidence sufficient to support the appellant's conviction for vehicular assault.

III

The appellant next contends that the trial court erred in allowing rebuttal testimony of a rescue squad worker in the form of opinion testimony. He argues that the rescue worker was not qualified as an expert in accident reconstruction and should not have been allowed to give his opinion.

At trial the appellant attempted to defend the vehicular assault charge by proving that he was not driving the Ford when the collision occurred. In rebuttal, the state called the member of the rescue squad that extracted the appellant from the wreckage. The witness testified that he had years of experience in

removing individuals from wrecked vehicles.[1]  He testified regarding the positions of the bodies in the appellant's car and the process of removal.  He then gave his opinion that the appellant had been driving the car.

The record is ambiguous as to whether the trial judge considered the rescue worker to be an expert.  It does reveal that he considered the appellant's objection and allowed the rescue worker to state his opinion.  We think this decision was proper.

This Court finds that, had the proper procedures been followed, the rescue worker would have qualified as an expert.  His extensive experience, skill, and training qualified him to testify in this capacity.  Tenn. R. Evid. 702.  However, regardless of his status as a expert or lay witness, his testimony was proper.  His testimony was rationally based on his perception and was helpful to gain a clear understanding of his testimony.  Tenn. R. Evid. 701(a).  Furthermore, we note, that if there was error regarding this testimony, it was harmless.  The state produced three other witnesses that testified that the appellant was the driver of the vehicle.  This issue is without merit.

**IV**

In his final issue the appellant contends that his sentences are excessive.  He argues that the trial court misapplied enhancement factors and improperly ran the sentences consecutively.

When a sentencing issue is appealed, this Court shall conduct a de novo review with the presumption that the trial court's findings are correct.  State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993).

---

[1]The rescue worker testified that has been a paramedic for over ten years and has been a member of the rescue squad since 1982.  He testified that, as a member of the rescue squad, he has extracted bodies from wrecked cars somewhere between 300 to 500 times.

The appellant was classified as a Range II offender. The trial court found that Tenn. Code Ann. §§ 40-35-114(1), (2), and (13) enhancement factors applied to all of the appellant's convictions. The appellant offered no mitigation evidence. Our review of the record suggests that none exists. After careful consideration, we find that the trial court followed the principles of sentencing. The sentences imposed were proper. This issue is without merit.

Regarding the issue of consecutive sentences, the record reveals that the trial court found the appellant's record of criminal activity to be extensive. [2] The trial court also found that the appellant was clearly a dangerous offender whose behavior indicates little regard for human life and no hesitation about committing crimes in which the risk to human life is high. Furthermore, the appellant was on parole when he committed these crimes. The trial court found that society needs protection from the appellant. We find that the trial court correctly interpreted and applied Tenn. Code Ann § 40-35-115 in ordering the appellant's sentences consecutively. This issue is without merit.

## CONCLUSION

After carefully considering the appellant's issues, we find no error of law mandating reversal. Accordingly, we affirm the judgment of the trial court.

_____

_____

[2]The appellant's presentence report indicates that he has been arrested and/or convicted for the following crimes: robbery, aggravated robbery, possession of a controlled substance, public intoxication, criminal trespassing, DUI, assault and battery, carrying a weapon with intent to go armed, reckless driving, evading arrest, several moving violations, and several parole violations. It should be noted that the appellant has been arrested and/or convicted of several of the above listed crimes on more than one occasion.

PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge


_____
CORNELIA A. CLARK, Special Judge