IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION



**FILED**

**January 27, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

|                          |     |                                      |
|--------------------------|-----|--------------------------------------|
| **STATE OF TENNESSEE,**  | )   |                                      |
|                          | )   | C.C.A. No.  01C01-9702-CR-00070      |
| Appellee,                | )   |                                      |
|                          | )   | Davidson County                     |
| V.                       | )   |                                      |
|                          | )   | Honorable Thomas H. Shriver, Judge   |
|                          | )   |                                      |
| **DANIEL S. BARNES,**    | )   | (Burglary and Attempted Theft)       |
|                          | )   |                                      |
| Appellant.               | )   |                                      |

FOR THE APPELLANT:

Paula Blair
Attorney at Law
176 Second Avenue, North
Nashville, TN 37201

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Sarah M. Branch
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson III
District Attorney General

Nicholas Bailey
Assistant District Attorney General
Washington Square Building
222 Second Avenue, North
Nashville, TN 37201

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Daniel S. Barnes, was convicted in a bench trial in Davidson County of burglary and attempted theft of property valued under $500. He was sentenced to four years for burglary and six months for attempted theft and placed on probation, which was later revoked. The appellant's sole issue on appeal is whether the evidence was sufficient to support his convictions for burglary and attempted theft. We affirm.

On January 20, 1996, Robert Haught, a Metro Nashville police officer, was dispatched to investigate a burglary at the Shelby Avenue Baptist Church. When he arrived, he discovered that the window frame and all the glass had been knocked out of a window at the rear of the church. He called for backup. An officer with the canine unit arrived, and he and his dog entered the church. Shortly thereafter, James McIntosh, the appellant's companion, was arrested.

Officer Robert Brown with the canine division testified that he entered the church with his dog after McIntosh was removed. Once inside, the officer twice shouted a warning, and when he did not receive any response, he released the dog into the building. The dog located the appellant hiding under a desk in an office. The officer stated that the appellant did not appear to have been asleep. The appellant, who had been bitten on the leg, was brought out of the church, arrested, and taken to the hospital for treatment of his injuries.

Reverend Carl Martin, the minister at Shelby Avenue Baptist Church, testified that the church was locked and that the appellant did not have permission to enter the church. He also testified that a microwave had been moved from the nursery to the hallway outside the door to the church office; several children's comforters had been moved to the door of the church office; tables in the Sunday School office had been turned over; and the glass tabletop

-2-

of one table had been broken.  In addition, a small refrigerator had been moved from its normal location.

First, the appellant challenges the sufficiency of the evidence regarding his burglary conviction.  In his brief, the appellant, who did not offer any proof at trial, argues that he did not enter to commit a theft, just to sleep and get warm. He contends that there was no evidence that he was in possession of any items and that his fingerprints were not found on any of the items.  The state, however, argues that the evidence clearly indicates that the appellant was guilty of burglary.  It notes that the appellant did not have permission to enter the church, and that when the appellant was apprehended, he was hiding under a desk and did not appear to be asleep.  It also asserts that several items of church property, including a microwave, a small refrigerator, and comforters had been moved toward the window that had been broken by the appellant and his companion.

Second, the appellant argues that the evidence is insufficient to sustain his conviction for attempted theft.   He maintains that the entered the church only to sleep and stay warm and that James McIntosh, his companion, alone committed the attempted theft.   The state, however, argues that both men were seen breaking into the church together and that when apprehended, the appellant did not appear to be sleeping under the desk and did not mention to police officers that he had entered the church to stay warm.

Tennessee Code Annotated § 39-14-402(a)(1) (Supp. 1996) provides that "[a] person commits burglary who, without the effective consent of the property owner . . . [e]nters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault."  Tennessee

Code Annotated § 39-12-101(a)(3) (1991) provides that a person commits criminal attempt who "[a]cts with [the] intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense." Theft of property is committed "if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103 (1991).

On appeal, the verdict in a bench trial is entitled to the same weight as a jury verdict. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978). Jury verdicts accredit the state's witnesses and resolve all evidentiary conflicts in the state's favor. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). Appellants, therefore, carry the burden of overcoming a presumption of guilt when appealing jury convictions. Id.

When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Tenn. R. App. P. 13(e); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985).

Based upon the record before us, the evidence is sufficient to sustain the appellant's convictions for burglary and attempted theft. The appellant entered

the church without permission.  Several items of church property had been moved from their normal locations.  In addition, tables were overturned and papers were scattered around the church offices.  The appellant, when apprehended by police officers, did not mention anything about entering the church to stay warm or to sleep, and in fact, when apprehended, he appeared to be hiding under an office desk.  Thus, the evidence is clearly sufficient to sustain the appellant's convictions for burglary and attempted theft.  Finding no error in the judgment of the trial court, we affirm.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
WILLIAM M. BARKER, Judge