# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 27, 2000

## BOBBY LEE TATE v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Knox County
### No. 69733     Ray L. Jenkins, Judge

---

### No. E2000-00796-CCA-R3-CD
### December 6, 2000

---

The petitioner appeals the trial court's denial of his "Motion to Vacate Judgment." Even though we treat the motion as a petition for *habeas corpus* relief and countenance the appeal via Tennessee Rule of Appellate Procedure 3(b), the record supports the trial court's determination that the factual allegations of improper or invalid judgments are unfounded. Thus, the trial court's denial of the motion or petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JERRY L. SMITH, JJ., joined.

Albert Newman, Knoxville, Tennessee, for the Appellant, Bobby Lee Tate.

Paul G. Summers, Attorney General & Reporter, Clinton J. Morgan, Counsel for State, Randall E. Nichols, District Attorney General, Zane Scarlett, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The petitioner, Bobby Lee Tate, appeals the Knox County Criminal Court's dismissal of his "Motion to Vacate Judgment." It appears from the scant record on appeal that the petitioner pleaded guilty in the trial court to numerous felonies, and the trial court imposed sentences on September 2, 1988. On January 5, 2000, the petitioner filed the motion now under review, in which he claims that the trial judge failed to sign the judgment or judgments of conviction and that the trial court clerk failed to properly enter the conviction judgments into the trial court minutes. The lower court appointed counsel to represent the petitioner and scheduled a hearing. At the hearing, the petitioner's counsel announced to the court that he had investigated the petitioner's claim and found that the conviction judgments and court minutes were in order. The trial court then denied the motion, and the petitioner appealed. We have reviewed the record, the briefs of the parties, and the applicable law, and we affirm the trial court's dismissal of the motion.

The state in its brief asserts that the motion is a petition for post-conviction relief and argues that it is barred by the post-conviction one-year statute of limitations. See Tenn. Code Ann. § 40-30-202 (1997). If the motion is viewed as a post-conviction petition, the state's argument may be well founded, considering that the convictions resulted from guilty pleas and were imposed in 1988; however, the record does not affirmatively reflect whether the petitioner appealed the convictions and, if so, the date on which the highest appellate court took final action on the appeal. See id. At any rate, we believe the argument is irrelevant because we conclude that the motion should more properly be treated as a petition for *habeas corpus* relief. See Jonathan Stephenson v. Howard Carlton, — S.W.3d —, —, No. E1998-00202-SC-R11-CD, slip op. at 2-3, (Tenn. Sept. 21, 2000). As a petition for *habeas corpus* relief, the denial of same is appealable as a matter of right. See Tenn. R. App. P. 3(b). We note that unless the motion is treated as a petition for *habeas corpus* relief, its denial as a free-standing challenge to the conviction judgments could not be appealed as a matter of right. William Boyd v. State, No. E1999-02179-CCA-R3-PC, slip op. at 3 n. 7 (Tenn. Crim. App., Knoxville, Nov. 6, 2000); J.D. Hickman v. State, No. E1999-02256-CCA-R3-PC, slip op. at 4-5 (Tenn. Crim. App., Knoxville, Sept. 27, 2000) (order denying petition to rehear).

*Habeas corpus* relief is available when the face of the record reflects that the conviction or sentence is void or when the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In the present case, we need not determine whether the petitioner has stated a cognizable *habeas corpus* claim, because the trial court determined that the petitioner's claims are unfounded, and on appeal, the petitioner has failed to show otherwise. Moreover, the judgments about which the petitioner complains do not appear in the record. Accordingly, he has waived appellate review. See State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

For the above reasons, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE