# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 20, 2001

## STATE OF TENNESSEE v. HOLLIE D. CAMPBELL

**Direct Appeal from the Criminal Court for Washington County**
**No. 24946**

---

**No. E2000-00373-CCA-R3-CD**
**JULY 2, 2001**

---

James Curwood Witt, Jr., J., concurring in results.

Respectfully, I must concur only in the results of the majority's holding that the trial court was authorized to impose two-year sentences upon revocation of the judicial diversion probation, even though the parties' plea agreement specified one-year sentences.

The majority states that "the Defendant, by requesting judicial diversion, waived any claim she may have had to the agreed to sentences offered by the State."

I respectfully disagree that our Code establishes an immutable rule of law applicable to every judicial diversion request that, should the judicial diversion probation be granted and later revoked, the court would then sentence the defendant according to the sentencing principles and guidelines and would not be bound by the pre-diversion agreed sentence.

I agree that the terms of a plea agreement may include a provision that, if judicial diversion is sought and granted, the agreed terms for sentencing are inapplicable. In other words, the parties may intend that, upon a grant of judicial diversion, the plea essentially becomes an "open" plea of guilty. On the other hand, the parties could conceivably enter into a proposed plea agreement that provides that the agreed sentence would be imposed, not only in the event of a denial of diversion, but also in the event of a grant and a subsequent revocation of judicial diversion

If the proposal was that the one-year effective sentence would be imposed if judicial diversion were denied but would be inapplicable if diversion were granted, then the defendant received the benefit of her bargain when the trial court accepted the plea and granted diversion. In that event, she has no complaint that the trial court formulated a sentence according to the sentencing guidelines, even though that sentence exceeds the bargained-for sentence. I write separately, however, to acknowledge that through the inarticulate agreement in this case the parties may have intended for the one-year effective sentence agreement to survive the diversion period. In this line of reasoning, the trial court holds the accepted plea and plea agreement in repose, embarks upon a

judicial diversion hiatus, and then, if the diversion probation is revoked, returns to the plea *and plea agreement* that was left on the table. Under this interpretation, returning to the point of departure would fulfill the Code's mandate to proceed, after revocation, "as otherwise provided," *see* Tenn. Code Ann. § 40-35-313(b)(2) (Supp. 2000), by implementing "the disposition provided for in the plea agreement." *See* Tenn. R. Crim. P. 11(e)(3).[1]

The key question, then, is what is the meaning and import of the accepted plea? In other words, was the court bound to effect "the disposition provided for in the plea agreement" by inserting into its judgment an adjudication of guilt that reflected the one-year concurrent sentences? *See* Tenn. R. Crim. P. 11(e)(3).

Unfortunately, these questions cannot be answered on the basis of the record before us. The transcript of the guilty plea submission hearing reflects that the defendant entered into a plea agreement with the state whereby she agreed to plead guilty and accept concurrent one-year sentences, subject to a request for judicial diversion, but the record contains no written plea agreement. At the plea submission hearing, the trial court merely asked if the one-year effective sentence was correct, and the defendant's counsel replied, "Yes, Your Honor. We're requesting judicial diversion."

Thus, we are presented an equivocal plea agreement. The trial court, however, effectively interpreted the agreement as one that converted the plea to an "open" plea when diversion was granted.[2] The defendant failed to show to the trial court that the agreement had some different meaning, and moreover, on appeal, she as the appellant has failed to show that the trial court's interpretation and application of the guilty plea agreement is in error. It is incumbent upon an appellant to provide an appellate record which supports her issues on appeal, and in the absence of such a record, the actions of the trial court will be deemed correct. *State v. Banes*, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993); *State v Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Therefore, I agree that the majority reaches the correct result in approving the trial court's formulation of a new sentence, but I respectfully disagree with the majority's apparent determination that, as a matter of law, a trial court is authorized, upon revocation of any judicial diversion, to impose a greater sentence than was specified in the accepted plea agreement.

---

[1] Predictably, many trial courts would be averse to approving such plea agreements, but as pointed out above, a court has the option of rejecting the plea, and the rejection has the effect of scuttling the diversion request, unless the defendant declines to withdraw the plea and accepts the trial court's terms. *See* Tenn. R. Crim. P. 11(e)(4).

[2] At the defendant's plea submission hearing, the trial court received a recitation of the plea agreement, including the request for judicial diversion, and afterward it announced the terms of the judicial diversion probation. During the revocation hearing, the trial judge did not express his views on the status of the submitted plea. He merely remarked, "Oh, she doesn't have a one year sentence anymore[.] I think she just bought a two year sentence."

_____
JAMES CURWOOD WITT, JR.