# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CHRISTOPHER L. DETHROW v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-02-392    Donald H. Allen, Judge**

---

**No. W2003-02190-CCA-R3-PC  - Filed July 16, 2004**

---

The Petitioner, Christopher L. Dethrow, appeals the trial court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  A review of the record supports the State's position.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Christopher L. Dethrow.

Paul G. Summers, Attorney General & Reporter; Kathy Denise Aslinger, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On January 4, 2002, Petitioner entered a guilty plea  to one count of robbery and received a sentence of three years in the Department of Correction.  On January 29, 2002, Petitioner entered a guilty plea to one count of facilitation to commit murder in the first degree and received a sentence of twenty-five years in the Department of Correction.  The stipulations of the plea provided that the two sentences would be served consecutively to one another.   On November 4, 2002, Petitioner filed, *pro se*, a petition for post-conviction relief, alleging, *inter alia,* that trial counsel was ineffective and that the guilty pleas were not knowingly entered.  The trial court appointed counsel on January 9, 2003.  At some point, a hearing was held and, on August 21, 2003, the trial court

entered an order denying post-conviction relief. Counsel for Petitioner filed a notice of appeal document on September 5, 2003.

In its motion for affirmance under Rule 20, Rules of the Tennessee Court of Criminal Appeals, the State submits that the Petitioner has waived all challenges to the trial court's denial of relief by failing to include the transcript of the post-conviction hearing in the record. We agree. It is the Petitioner's duty to ensure that the record on appeal contains all of the evidence relevant to those issues which are the bases of the appeal. *See* Tenn. R. App. P. 24(b); *State v. Banes*, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). This Court is unable to consider an issue which is not preserved in the record for review. *See Banes*, 874 S.W.2d at 82. Accordingly, the Petitioner's failure to include a complete transcript of the proceedings forming the basis of this appeal results in waiver to any challenge of the lower court's rulings. *See generally State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) (appellant's failure to provide court with complete record relevant to issues presented constitutes waiver of issue); *State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990) (appellate court is precluded from considering issue when record does not contain transcript of what transpired in trial court with respect to that issue). Accordingly, "[i]n the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Additionally, all issues are waived as a result of Petitioner's failure to cite to the record. *See* Tenn. Ct. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7).

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

2