# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## NOVEMBER 1998 SESSION

**FILED**

**February 9, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9711-CR-00544** |
| Appellee, | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. SETH NORMAN,** |
| **TERRANCE CROWDER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Rape of a Child) |

FOR THE APPELLANT:           FOR THE APPELLEE:


**LIONEL R. BARRETT, JR.**           **JOHN KNOX WALKUP**
Washington Square Two, Suite 418      Attorney General & Reporter
222 Second Ave., North
Nashville, TN 37201                **KIM R. HELPER**
                      Asst. Attorney General
                      John Sevier Bldg.
                      425 Fifth Ave., North
                      Nashville, TN  37243-0493

                      **VICTOR S. JOHNSON, III**
                      District Attorney General

                      **WILLIAM R. REED**
                          -and-
                      **DIANE LANCE**
                      Asst. District Attorneys General
                      Washington Square, Suite 500
                      222 Second Ave., North
                      Nashville, TN 37201


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was charged by indictment with rape of a child. Following a jury trial and sentencing hearing, he was found guilty as charged and sentenced as a Range I standard offender to fifteen years incarceration. He now appeals, arguing that the evidence is insufficient to sustain his conviction because the State failed to prove penetration, an essential element of rape. See T.C.A. § 39-13-522(a). We affirm the trial court's judgment.

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the State's witnesses. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Questions concerning the credibility of witnesses, the weight and value given to the evidence, and all factual issues raised by the evidence are resolved by the trier of fact, not this Court. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

At trial, the minor victim, J.S.,[1] testified that during 1993, when she was five or six years old, she would often spend weekends at her grandmother's house, where the defendant, her uncle, also resided. According to J.S., she and her younger sister would sometimes sleep in the defendant's bedroom. J.S. testified that the defendant would occasionally crawl in bed at night with her and her sister, pull down her panties, and touch his penis, which "felt funny and hard," to the inside of her vagina.

---

[1] Pursuant to this Court's policy, the minor victim will be referred to only by her initials.

2

At trial, there was also evidence that in December 1993, J.S. was diagnosed with chlamydia, a sexually transmitted disease.[2] It was J.S.'s diagnosis of chlamydia that led to her disclosure to her mother and others that the defendant had penetrated her genitals with his penis. The defendant and his girlfriend at the time, with whom he was sexually active, both denied having any sexually transmitted diseases in or since 1993. There was also extensive medical testimony---much of it conflicting---regarding the accuracy of J.S.'s diagnosis of chlamydia, the transmission of chlamydia in general, and whether J.S. had chlamydia prior to the incident of child rape alleged in the indictment. Even disregarding all of this medical evidence---which certainly would have been the jury's prerogative, if they so chose---the record still contains sufficient evidence of penetration. Quite simply, J.S.'s testimony that the defendant inserted his penis into her vagina is sufficient proof of penetration. See State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). Any evidence conflicting with that testimony was within the jury's exclusive province to disregard. See Cabbage, 571 S.W.2d at 835.

Finding sufficient proof of penetration in the record, we conclude there is no merit to the defendant's argument. Accordingly, his conviction is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
GARY R. WADE, Judge


_____
JERRY L. SMITH, Judge

---

[2]According to the evidence at trial, chlamydia is transmitted primarily through sexual relations, with the one exception being when infants contract the disease passing through an infected birth canal.