# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## STATE OF TENNESSEE v. BERNABE RODRIGUEZ

### Direct Appeal from the Criminal Court for Davidson County
### Nos. 2010-C-2592     Steve Dozier, Judge

### No. M2012-01041-CCA-R3-CD - Filed March 12, 2014

The Defendant, Bernabe Rodriguez, has appealed the Davidson County Criminal Court's denial of his motion to sever the counts in his indictment. The Defendant filed a motion to sever, and the trial court denied the motion. The appellate record, however, does not contain a transcript of the hearing on the Defendant's motion to sever. Our review of the record reveals that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JERRY L. SMITH and JEFFREY S. BIVINS, JJ., joined.

Ivan Lopez, Nashville, Tennessee, for the Appellant, Bernabe Rodriguez.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by

On September 24, 2010, a Davidson County grand jury indicted the Defendant for two counts of aggravated sexual battery. On June 13, 2011, the Defendant filed a motion for severance of offenses. Later, a jury convicted the Defendant of one count of aggravated sexual battery, a Class B felony. After a sentencing hearing, the trial court sentenced the Defendant, a Range I standard offender, to serve eleven years in the Tennessee Department of Correction.

The Defendant filed a timely motion for new trial, which the trial court denied after a hearing on October 17, 2011. On March 20, 2012, the Defendant filed a petition for post-conviction relief, requesting a delayed appeal due to his attorney's failure to file a notice of appeal. On April 5, 2012, the trial court granted the Defendant a delayed appeal.

The Defendant's sole issue on appeal is whether the trial court erred when it denied his motion to sever the counts in the indictment. The State submits that the Defendant has waived all challenges to the trial court's denial of relief by failing to include the transcript of the severance hearing in the record. We agree.

It is the Defendant's duty to ensure that the record on appeal contains all of the evidence relevant to those issues which are the bases of the appeal. *See* Tenn. R. App. P. 24(b); *State v. Banes*, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). This Court is unable to consider an issue which is not preserved in the record for review. *See Banes*, 874 S.W.2d at 82. Accordingly, the Defendant's failure to include a complete transcript of the proceedings forming the basis of this appeal results in waiver to any challenge of the lower court's rulings. *See generally State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) (appellant's failure to provide court with complete record relevant to issues presented constitutes waiver of issue); *State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990) (appellate court is precluded from considering issue when record does not contain transcript

---

memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record. . . .

Tenn. Ct. Crim. App. R. 20.

of what transpired in trial court with respect to that issue).  Accordingly, "[i]n the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

Because an opinion would have no precedential value and because no error of law requiring a reversal of the action is apparent on the record, we affirm the criminal court's order pursuant to Rule 20.  *See* Tenn. Ct. Crim. App. R. 20.

### III. Conclusion

Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE