# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY 1997 SESSION

**FILED**

July 30, 1997

**Cecil W. Crowson**
**Appellate Court Clerk**

|  |  |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| Appellee, | ) C.C.A. No. 01C01-9510-CR-00355 |
|  | ) |
|  | ) Davidson County |
| V. | ) |
|  | ) |
| **ALTHEA MYERS,** | ) Honorable J. Randall Wyatt, Judge |
| **SAMUEL MYERS,** | ) |
|  | ) (Possession for sale or delivery of |
| Appellants. | ) over 26 grams of cocaine |
|  | ) possession of drug paraphernalia) |
|  | ) |

FOR THE APPELLANTS:

Althea Myers:
William C. Roberts, Jr.
Attorney at Law
404 James Robertson Parkway
Suite 1502
Nashville, TN 37201

Samuel Myers
Gregory D. Smith
Attorney at Law
One Public Square, Suite 321
Clarksville, TN 37040

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Karen M. Yacuzzo
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson III
District Attorney General

Cheryl Blackburn
Assistant District Attorney General
Washington Square, Suite 500
222-2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED: _____

**AFFIRMED (ALTHEA MYERS)**
**APPEAL DISMISSED (SAMUEL MYERS)**

**JERRY L. SMITH**
Judge

**O P I N I O N**

Appellant Althea Myers was convicted of possession with intent to deliver or sell twenty-six grams or more of a controlled substance containing cocaine and possession with intent to use unlawful drug paraphernalia. She was sentenced to serve sixty days and then be placed in the Community Corrections Program for five years.

On appeal, Althea Myers alleges that the evidence was insufficient to support her conviction of possession for sale or delivery of a controlled substance in excess of twenty-six grams. Althea Myers' husband and co-defendant, Samuel Myers, failed to file a timely notice of appeal and now asks this Court pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure to waive the timely filing of the notice of appeal. After consideration of Mr. Myers' request, by per curiam order of this Court, we deny his request for a waiver and dismiss his appeal.[1] We affirm Althea Myers' conviction.

Althea Myers argues that although she was an occupant in the house, she was located forty to fifty feet away from the location of the drugs when the police entered the house. Also, she contends that she played only a minor role in the offense.

Great weight is accorded jury verdicts in criminal trials. Jury verdicts accredit the state's witnesses and resolve all evidentiary conflicts in the state's favor. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978).

---

[1] Although Samuel Myers' appeal has been denied, the evidence in this case overwhelmingly supports his convictions and his sentence. (Mr. Myers had been arrested for nearly 20 offenses in less than 2 years, and apparently he was out on bond when he committed the crimes in this case.) Counsel for Mr. Myers on appeal is not the attorney who represented Mr. Myers at trial.

Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). Appellants, therefore, carry the burden of overcoming a presumption of guilt when appealing jury convictions. Id.

When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Tenn. R. App. P. 13(e); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985); The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978).

The evidence adduced at trial indicates that police officers discovered over 51 grams of powder and crack cocaine, $1735 in cash, small plastic bags, a set of electronic scales, a cocaine grinder, and a loaded gun. The gun was found in the appellant's purse, which was next to a set of cocaine scales that had warm crack cocaine on them. Furthermore, officers discovered baking soda and pots of boiling water, which are frequently used by to convert powder cocaine into crack cocaine. Also, police officers testified that the appellant was with her husband during several drug transactions. Although she was not charged with any crime involving those transactions, such instances provide evidence of an intent to sell.

After reviewing the evidence in a light most favorable to the state, we conclude the record amply supports the jury's verdict. We affirm.

_____
JERRY L. SMITH, Judge

-3-

CONCUR:


_____
PAUL G. SUMMERS, Judge

-4-


_____
DAVID G. HAYES, Judge