# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1997

**FILED**

January 28, 1998

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **RAYMOND O. JACKSON,** | ) | **C.C.A. NO. 01C01-9608-CR-00368** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ANN LACY JOHNS** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

LIONEL R. BARRETT, JR.
Washington Square-Two Suite 417
222 Second Avenue, North
Nashville, TN 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

ROGER D. MOORE
Assistant District Attorney General
Washington Square - Suite 500
222 Second Avenue, North
Nashville, TN 37201-1649

OPINION FILED _____

REVERSED AND REMANDED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Raymond O. Jackson, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his petition for post-conviction relief. It appears that on March 6, 1980, the Petitioner was convicted of assault with intent to commit murder, armed robbery, and kidnapping.[1] He was sentenced to five to twenty-one years for the assault, fifteen years for the robbery, and fifty years for the kidnapping. The sentences were ordered to run consecutively. He filed a pro se petition for post-conviction relief, apparently his third, on June 30, 1989. Counsel was appointed on February 6, 1990. The trial court initially dismissed the petition on February 13, 1990, but later withdrew the order of dismissal to allow the Petitioner to present further evidence. On March 12, 1996, the trial court entered an order denying the petition. It is from this order that the Petitioner now appeals. For the reasons set forth below, we reverse the dismissal of the petition and remand this case to the trial court for further proceedings consistent with this opinion.

We begin our discussion by noting that the record does not contain a transcript from any hearing on this petition for post-conviction relief. In fact, the record does not even contain a copy of the petition. As such, information regarding the circumstances of the Petitioner's offenses and the evidence surrounding the petition for post-conviction relief is somewhat limited. The

---

[1] The record in this case is exceptionally sparse. As a result, we have had to piece together the information which we relate in this opinion from several sources, including the opinions of this Court from the Petitioner's direct appeal and prior petitions for post-conviction relief.

opinion of this Court from the Petitioner's direct appeal contains the following

description of the circumstances of the offenses:

The defendant was convicted of the assault, robbery and kidnapping of Mr. James M. Gowin, a young man 19 years of age. At about 11:00 P.M. on May 22, 1978, Mr. Gowin encountered the defendant, Jackson, and his co-defendant, Claude Douglas Copeland, at a parking lot on Eighth Avenue South in Nashville. These two men told Mr. Gowin that they were having car trouble and asked him to take them to a mechanic. Copeland introduced himself as Larry Lewis, and the defendant stated that his name was Kenneth Martin. After some hesitation, Mr. Gowin consented to assist Jackson and Copeland. The defendant, Jackson, got in the rear seat of the automobile behind the driver, and Copeland sat in the front seat. They directed Gowin's driving and reached the intersection of Wedgewood and Eighth Avenue. When they reached this intersection, they stated that this was their destination but asked him to take them home for a brief time. They gave Gowin directions; and after making many turns, they arrived at the intersection of Murfreesboro and Wharf Avenue which was not far from their beginning point at Wedgewood and Eighth. Copeland got out of the car and left Jackson in the back seat; in about 10 minutes, Copeland returned.

Copeland resumed giving driving instructions which he said would return them to Wedgewood and Eighth Avenue. At one point, Copeland told Gowin to slow down. When Gowin had slowed to about 5 miles per hour, Copeland grabbed the gear stick and pushed it from "drive" to the "park" position. At about the same time, Copeland put a knife to the victim's throat. Jackson got out of the car and brandished what appeared to be a "folding knife."

After forcing the victim out of his automobile, Jackson and Copeland took his watch, wallet, shirt and tennis shoes. They then forced the victim to the back floorboard of his automobile, and Copeland drove the car away with Jackson sitting beside him in the front seat. Jackson then forced the victim to remove his bluejeans and became very angry when he learned that there was a small amount of change in the bluejeans which the victim had not given to them. They continued to drive around Nashville for about 30 minutes while Jackson and Copeland argued about whether or not they should kill Gowin. Jackson wanted to kill Gowin, and Copeland did not. During this time, Jackson cut the victim with his knife.

They stopped the automobile; and after forcing the victim into the trunk, they continued to drive for an additional 30 minutes. They stopped the car again, dragged the victim from the trunk and "threw him" against a telephone pole. Jackson then began frantically to stab the victim in the back and sliced his throat and back with the knife. Copeland, standing nearby, told Jackson to "hurry up." They eventually left in the victim's automobile. Being unable to walk, the victim crawled to a house in the neighborhood and obtained assistance. It was determined that he was stabbed 19 times with

the knife. The "front and back" of his throat were cut, and there were long cuts down his back.

State v. Raymond O. Jackson, C.C.A. No. C-3599, Davidson County (Tenn. Crim. App., Nashville, Mar. 12, 1981). Through the direct appeal, the Petitioner did not challenge the sufficiency of the convicting evidence. He focused instead on the evidentiary issue of whether the trial court had erred in admitting evidence of a subsequent crime for the purpose of establishing the perpetrator's identity. Id., slip op. at 1. A panel of this Court found that the issue lacked merit and affirmed the Petitioner's convictions. Id.

Shortly after this Court affirmed his convictions, the Petitioner filed his first petition for post-conviction relief. In that petition, he alleged that he had been denied effective assistance of counsel at trial. Raymond O. Jackson v. State, C.C.A. No. 82-217-III, Davidson County (Tenn. Crim. App., Nashville, Nov. 25, 1983), perm. to appeal denied (Tenn. 1984). More specifically, he asserted that his trial counsel had failed to investigate his case adequately, failed to communicate with him, and failed to present an alibi defense at trial. Id., slip op. at 1-2. After conducting an evidentiary hearing, the trial court found that the Petitioner's allegations lacked merit and dismissed the petition on October 26, 1982. Id. at 1. A panel of this Court affirmed the dismissal on November 25, 1983. Id. at 4. Our supreme court denied permission to appeal on March 12, 1984.

Shortly thereafter, the Petitioner filed a second petition for post-conviction relief. In this petition, he again argued that he was denied effective assistance of counsel at trial. Raymond O. Jackson v. State, C.C.A. No. 85-329-III,

Davidson County (Tenn. Crim. App., Nashville, Dec. 18, 1986), perm. to appeal denied (Tenn. 1987). More specifically, he asserted that trial counsel was ineffective in that he failed to request a mental competency evaluation and failed to advance an insanity defense. Id., slip op. at 1. The trial court denied the petition. A panel of this Court affirmed the denial, concluding that the issue had been waived because it should have been included in the first petition for post-conviction relief. Id. at 1-2. Our supreme court denied permission to appeal on March 9, 1987.

The Petitioner filed his third petition for post-conviction relief, which is the subject of the case sub judice, on June 30, 1989. Unfortunately, as we stated above, the record does not contain a copy of the petition. From the trial court's order denying the petition, it seems that this petition, like the second petition, contained a challenge to the effectiveness of trial counsel based on counsel's failure to pursue a competency evaluation and an insanity defense. In addition, it appears that the present petition contained a challenge to the effectiveness of the Petitioner's prior post-conviction counsel for failure to raise the first issue in previous post-conviction petitions. Yet because the record does not contain the petition for post-conviction relief, we cannot determine with any reasonable degree of certainty the issues presented in it.

The record does indicate that counsel was appointed on February 6, 1990 to assist the Petitioner. The record also indicates that the trial court initially dismissed the petition on February 13, 1990, but later withdrew the order of dismissal to allow the Petitioner to present further evidence. It is unclear from the record what proceedings actually transpired with regard to the case sub judice.

In particular, it is unclear whether the trial court conducted an evidentiary hearing on the present petition. On March 12, 1996, the trial court issued an order dismissing the petition. After reviewing the record, the trial court concluded that the first issue, regarding trial counsel's failure to pursue a competency evaluation or an insanity defense, had been previously determined. See Tenn. Code Ann. §§ 40-30-111, -112(a) (repealed 1995). The trial court pointed out that this very issue had been raised in the second post-conviction petition. The trial court further concluded that the second issue, regarding the effectiveness of prior post-conviction counsel in failing to pursue the first issue, lacked merit under the holding of our supreme court in House v. State, 911 S.W.2d 705 (Tenn. 1995) (reiterating that a claim of ineffective assistance of counsel in a previous post-conviction proceeding is not cognizable as a basis for relief in a subsequent post-conviction action). The trial court also stated that "[t]o the extent that the instant Petition attempts to assert any new grounds for relief, the Court finds same to have been waived as the record is devoid of any evidence to overcome the statutory presumption of waiver." See Tenn. Code Ann. § 40-30-112(b)(1), (2) (repealed 1995). Accordingly, the trial court dismissed the petition. The Petitioner filed a notice of appeal on April 11, 1996.

It is at this point in the history of the case at bar that problems with the location of the record arise. The record on appeal was originally due to be filed on August 22, 1996. On August 20, 1996, the trial court clerk requested an extension of time for the filing of the record. In support of this request, the trial court clerk submitted an affidavit stating the following:

> At the present time this file cannot be found. I have part of the file, but since it is rather old, part of the case folder has been separated from the other part. It was filed out of Judge John's [sic]

-6-

Court, part of the file was in her office and in all the moving when she [Judge Johns] left the file has just gotten misplaced. I just need more time to find it.

This Court granted the request, ordering that the trial court clerk have up to and including September 20, 1996, to file the record.

On September 16, 1996, the trial court clerk filed a request for a second extension. The affidavit in support of the extension request stated the following:

> Ms. Armstrong, in the District Attorney General's Office has been helping me reconstruct the file by sending me copies of the file that they have. She has yet to find all that I need to finish the appeal, that is why I am requesting an additional 15-20 days until October 11, 1996 to complete the record. Hopefully I will have it before then.

This Court granted the second extension request, ordering that the trial court clerk have up to and including October 11, 1996, to file the record.

On October 10, 1996, the trial court clerk filed a request for a third extension. In the affidavit supporting the request, the trial court clerk stated that she had not yet been able to locate the case file. In addition, the trial court clerk indicated that the District Attorney General's office had not been able to provide her with sufficient information to reconstruct the entire file. This Court granted the extension request, ordering that the trial court clerk have up to and including December 13, 1996, to file the record. In granting the extension request, this Court ordered further that the "district attorney general and counsel for the appellant are hereby directed to assist the trial court clerk in locating or reconstructing the record in this matter."

The record was eventually filed on December 16, 1996. Accompanying the record was an affidavit from the trial court clerk which stated the following:

> As you recall, the case file cannot be located and several extensions were filed in this matter. An order was sent to me and other parties requesting them to assist me in reconstructing the file. As of this date none have contacted me with any information. Therefore, I am sending all the paperwork I have pertaining to this appeal.

As we stated above, the record is sparse. It contains copies of the original arrest warrants for the Petitioner. It contains the trial court's March 12, 1996, order of dismissal and the Petitioner's April 11, 1996, notice of appeal. Other than those documents, the record contains only tangential correspondence between the Petitioner and the trial court clerk and a notice of entry of counsel for appellate purposes. The record does not contain a transcript of any hearing on this matter, nor does it contain a copy of the petition for post-conviction relief.

The Petitioner's brief was originally due on January 15, 1997. Due to illness in counsel's office, two extension motions were granted by this Court, the result being that the Petitioner was allowed up to and including March 10, 1997, to file his brief. On March 10, 1997, counsel for the Petitioner filed a third extension motion. This motion indicated that counsel believed the record was not sufficient at that time to support the submission of a brief. Counsel was therefore requesting additional time to attempt to "locate or piece together" a transcript for the record. Counsel stated that if the record could not be supplemented by March 31, 1997, then he would submit a brief rather than request additional extensions. This Court granted the extension motion, ordering that the Petitioner have up to and including March 31, 1997, to file his brief. The order did, however, note the following:

On November 14, 1996, this Court entered an order giving the trial court clerk up to and including December 13, 1996, in which to file the record in this appeal. The order directed the district attorney general and counsel for the appellant to assist the trial court clerk in locating or reconstructing the record in this matter. The record was subsequently filed by the trial court clerk on December 16, 1996, and no motion to supplement the record has been filed pursuant to T.R.A.P. 24(e). Counsel for the appellant was given an opportunity to ensure that the record on appeal was located or reconstructed, and the Court finds that this matter has been unnecessarily delayed.

The order also stated that absent exceptional circumstances, no further extensions would be granted.

The Petitioner filed his brief on March 31, 1997. The brief points out that the record in this case has apparently been lost. The brief continues by stating that "[i]n order not to argue outside the record as presently constituted, it should be noted that the hearings in the last several years dealt with the ineffective assistance of counsel in failing to pursue an issue of competency for an insanity defense. Accordingly, no additional facts will be stated." The argument contained in the brief is cursory and essentially indicates that the state of the record would make a thorough discussion of the post-conviction petition outside the scope of the record. As a result, the specific relief sought by the Petitioner in his brief is that this Court "render a decision appropriate for the matters contained in the record."

The State's reply brief also notes that the record was "grossly inadequate." The State points out that it is the appellant's obligation to ensure that the record is sufficient to allow meaningful review on appeal. State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993); Tenn. R. App. P. 24. Given the inadequacy of the record, the State argues that this Court cannot consider the merits of the post-

conviction petition but rather must presume that the ruling of the trial court was correct. Ballard, 855 S.W.2d at 560-61; State v. Smith, 891 S.W.2d 922, 932 (Tenn. Crim. App. 1994); State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). In addition, the State contends that an allegation that the Petitioner's prior post-conviction counsel was ineffective does not furnish grounds for post-conviction relief because there is no constitutional right to effective assistance of counsel in post-conviction proceedings. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995). The State therefore requests that this Court affirm the judgment of the trial court dismissing the petition.

After carefully examining the record, we agree that it is inadequate to allow meaningful review on appeal. In fact, the record does not contain a copy of the petition for post-conviction relief. Thus, we cannot be certain what issues were presented by the Petitioner. Accordingly, because the record does not contain the proceedings and documents relevant to the issues raised in the petition, this Court is precluded from considering the merits of the Petitioner's issues. Ballard, 855 S.W.2d at 560-61; Banes, 874 S.W.2d at 82; State v. Bennett, 798 S.W.2d 783, 789 (Tenn. Crim. App. 1990), cert. denied, 500 U.S. 915, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991).

The present case does, however, present an unusual scenario. The documents necessary for an adequate record were apparently lost or misplaced through no fault of the Petitioner. The trial court clerk attempted to locate the entire case file, but to no avail. The trial court clerk's first extension request seems to indicate that the case file may have been misplaced in the confusion of moving as the trial judge who heard the petition left office. Of course, we do

not know for certain what happened to the case file. What we do know is that the trial court clerk's case file does not contain sufficient documentation of the proceedings below to furnish an adequate record on appeal.

Given these circumstances, we believe we must reverse the judgment of the trial court and remand this case for further proceedings. Because it appears unlikely that the trial court clerk will be able to locate the actual case file, the case should first proceed with an attempt by the parties to reconstruct the record. In this vein, we believe the procedure should be similar to that set forth in Rule 24(c) of the Tennessee Rules of Appellate Procedure.

In the case sub judice, we believe the burden is first on the Petitioner to attempt to reconstruct a sufficient record of the proceedings below. This attempt will obviously take place in conjunction with input and a response from the District Attorney General's office. Upon completing the reconstruction of a sufficient record, the Petitioner and the State shall present the record and their arguments on the issues raised to the trial court. We recognize that the passage of time has rendered this task difficult, if not impossible. If the Petitioner and the State cannot reconstruct a sufficient record to allow meaningful review of the issues presented, we see no alternative but to allow the Petitioner to file an amended petition for post-conviction relief. In that event, we direct the trial court to allow the Petitioner to file the amended petition for post-conviction relief relating back to his original, pro se petition, apparently filed on June 30, 1989. Proceedings on the amended petition must then begin anew. Because the record from the trial court has been lost, we believe fairness dictates this result.

For the reasons set forth in the discussion above, we conclude that the judgment of the trial court dismissing the petition for post-conviction relief must be reversed. We remand this case to the trial court for further proceedings consistent with this opinion.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JOSEPH M. TIPTON, JUDGE