# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION

FILED

July 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| Appellee, | ) C.C.A. No. 02C01-9707-CC-00276 |
| | ) |
| | ) Madison County |
| V. | ) |
| | ) Honorable Whit Lafon, Judge |
| **DEMOND MALIK JOHNSON,** | ) |
| | ) (Attempted Second Degree Murder; |
| Appellant. | ) Aggravated Assault; Reckless |
| | ) Endangerment) |

FOR THE APPELLANT:

On Appeal:
Clifford K. McCown, Jr.
Attorney at Law
113 North Court Square
P.O. Box 26
Waverly, TN 37185

At Trial and Of Counsel
on Appeal:
George Morton Googe
District Public Defender

Stephen P. Spracher
Assistant District Public Defender
227 West Baltimore Street
General
Jackson, TN 38301

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, TN 37243

Jerry Woodall
District Attorney General

James W. Thompson
     Assistant District Attorney

P.O. Box 2825
Jackson, TN 38301

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

In 1996, the appellant, Demond Malik Johnson, was indicted for attempt to commit first degree murder, aggravated assault, and reckless endangerment. In January 1997, a jury convicted him of attempt to commit second degree murder, aggravated assault, and reckless endangerment. The trial court sentenced him to eight years, six years, and two years, respectively. His sentences were ordered to run concurrently, for a total effective sentence of eight years.

The appellant presents three issues for our review: (1) whether the pretrial remarks by the trial court, in the presence of the jury, were prejudicial to him and tainted the jury pool so that he did not receive a fair trial; (2) whether the trial court's interruption of his defense counsel during voir dire and the court's subsequent refusal to allow full and complete voir dire prevented him from selecting and impaneling a fair and impartial jury; and (3) whether the evidence is sufficient to support a verdict of guilty. We affirm the judgment of the trial court.

The appellant was the next door neighbor of Stacy and Terry Perry. On February 27, 1996, Mrs. Perry and the appellant were involved in an argument. Mrs. Perry called her husband, Terry Perry, at work, and he came home. Mr. Perry and the appellant then got into an argument, and the appellant shot Mr. Perry in the right leg. Stacy Perry testified that her children were present during the shooting.

The appellant testified that Mr. Perry had a gun and when he pulled his gun, the appellant fired his own gun and shot Perry because he was trying to protect his family and himself.

In his first issue, the appellant argues that the trial court made pretrial

remarks, in the presence of the jury pool, that prejudiced the jurors against him so that he did not receive a fair trial. He asserts that the trial court was concerned about a delay in bringing prisoners from the jail to the courtroom for court appearances. The trial court stated: "Bring the Defendant down. Ladies and gentlemen, there are many reasons that a person is upstairs in the jail, that they are a danger to the community or that they just can't afford to make a bond or whatever." Defense counsel, in a bench conference and out of the hearing of the jury pool, stated his objection, for the record, to the court's comments, stating that the comment implies that this is a serious case and that the defendant is not on bond, thereby indicating that this defendant was not a regular defendant. After the jury panel was sworn, the court continued by stating the following:

> Now this morning, the Defendant has been in jail, and normal procedure in criminal matters, people have - - are charged with crimes. They are then put in jail and a bond is set, and if there is no bond made - - In some instances the Court decides that the person could potentially be dangerous. They do not set a bond. But at any rate, that wasn't in this case as far as I'm concerned. But be it anyway, this gentleman was in jail, and the jails are crowded. The Sheriff had to transport some people out last week to other jails because of the crowded condition, and it sometimes take (sic) a little time to get them in and here for the trial. So I just told these officers tomorrow and every other day I expect them to be more prompt. But that's the reason for the delay. No fault of the Defendant at all, but it's just part of the system .

The appellant insists that the appellant's case should have been continued and a new jury pool selected.

The state argues that the trial court's pretrial statement did not deny the appellant a fair trial. It contends that the record indicates that the trial court was trying to explain to the prospective jurors that the appellant's tardiness was not his fault. Thus, there is no indication that the trial court was attempting to prejudice the appellant. Furthermore, it appears that the appellant was wearing his jail uniform at trial, so the state contends that the trial court's explanation to the prospective jurors was actually beneficial to the appellant. The state maintains that any error was harmless.

From the record, the trial court's remark appears to have been made in an effort to get the appellant into the courtroom so that the trial could begin. His explanation later indicates that he was not trying to prejudice the appellant but to fairly and accurately explain the circumstances. We do not believe there to be error that adversely affected the appellant's right to a fair and impartial jury. See State v. Adkisson, 899 S.W.2d 626, 639-42 (Tenn. Crim. App. 1994).

Second, the appellant argues that the trial court's interruption of defense counsel during voir dire and its later refusal to allow full and complete voir dire regarding the prospective jurors' attitude toward crime in general prevented the appellant from selecting and impaneling a fair and impartial jury. He further contends that the trial court's actions "prevented the defendant from effectively exercising his peremptory challenges."

The state contends that the appellant had an opportunity to conduct adequate voir dire, thus impaneling a fair and impartial jury. It insists that the appellant has failed to support his claim "beyond mere speculation." Further, although the state concedes that the trial court did interject during voir dire, the state insists that the appellant has not shown that he was prejudiced by any error committed during voir dire, so the jurors are presumed to have followed the trial court's instructions and applied the law to the evidence presented at trial.

The ultimate goal of voir dire is to insure that jurors are competent, unbiased, and impartial. State v. Stephenson, 878 S.W.2d 530, 540 (Tenn. 1994). Control of voir dire generally rests within the sound discretion of the trial judge. Id.

The trial court did interrupt during the appellant's voir dire of the jury. However, as the state notes, the appellant has not demonstrated that he was denied a fair and impartial jury. We find no error by the trial court in light of the

evidence of the appellant's guilt. This issue is without merit.

Finally, the appellant argues that the evidence is insufficient to sustain a verdict of guilty. In conclusory statements, the appellant contends that "[g]iven the prejudicial actions of the trial court judge in this matter, taken with the record as a whole, the defendant respectfully submits that he was erroneously convicted," arguing that he should have been granted a judgment of acquittal based upon a theory of self-defense.

The state maintains that the evidence is sufficient to support the jury's verdict. It argues that the evidence adduced at trial showed that the appellant shot Terry Perry, striking him in the leg. Also, several other individuals were nearby. Therefore, the state insists the evidence is sufficient to support the convictions.

Great weight is accorded jury verdicts in criminal trials. Jury verdicts accredit the state's witnesses and resolve all evidentiary conflicts in the state's favor. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). Appellants, therefore, carry the burden of overcoming a presumption of guilt when appealing jury convictions. Id.

When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979);

Tenn. R. App. P. 13(e); <u>State v. Duncan</u>, 698 S.W.2d 63 (Tenn. 1985).  The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact.  <u>State v. Sheffield</u>, 676 S.W.2d 542 (Tenn. 1984); <u>Byrge v. State</u>, 575 S.W.2d 292 (Tenn. Crim. App. 1978).

From our review of the record, the appellant shot the victim while other individuals were nearby.  The evidence is sufficient to sustain the appellant's convictions.

Finding no error mandating reversal, we affirm the trial court's judgment.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge