# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY 1998 SESSION



FILED

September 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9709-CC-00406 |
| Appellee, | ) |
| | ) Bedford County |
| V. | ) |
| | ) Honorable Charles Lee, Judge |
| **TRACY LEE POARCH,** | ) |
| | ) (Driving Under the Influence and |
| Appellant. | )  Driving as a Habitual Offender) |
| | ) |

FOR THE APPELLANT:

Andrew Jackson Dearing, III
Attorney at Law
117 South Main Street, Suite 101
Shelbyville, TN 37160

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Janis L. Turner
Counsel for the State
425 Fifth Avenue North
Cordell Hull Building
Nashville, TN 37243-0493

W. Michael McCown
District Attorney General

Robert Crigler
Assistant District Attorney General
One Public Square, Suite 100
Shelbyville, TN 37160

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

In December 1996, Tracy Lee Poarch was indicted for operating a motor vehicle after having been declared a habitual offender in violation of Tennessee Code Annotated § 55-10-616 (1993); driving under the influence of an intoxicant (DUI), third offense in violation of Tennessee Code Annotated § 55-10-401 (Supp. 1996); and criminal impersonation in violation of Tennessee Code Annotated § 39-16-301 (1990). The appellant entered a plea of guilty to the criminal impersonation charge, and after a jury trial, he was convicted on the two remaining charges. The appellant was ordered to serve a sentence of two years in the Tennessee Department of Correction for violation of the habitual offender status, nine months in the county jail for the driving under the influence of an intoxicant conviction, and six months in the county jail for the criminal impersonation conviction, to run concurrently.

The appellant's issues are whether the evidence is sufficient to sustain his conviction for driving under the influence and driving after having been declared a habitual offender. The arguments are related and were combined into one. We affirm.

At approximately 4:30 a.m. on March 15, 1996, Officer Homer Davis of the Bedford County Sheriff's Department received a radio call about a one-vehicle accident on Highway 130 in the Pleasant Grove community. He and Detective Robert Filer drove to the scene to investigate. Once on the scene, Officer Davis saw a car off the road and partially in a ditch. The rear wheels were spinning, and the car was "in drive." Also, the headlights were on, and the windshield wipers were running.

Detective Filer knocked on the driver's side window and attempted to awaken the person slumped over the steering wheel. At trial, Filer identified

that person as the appellant. Filer opened the driver's side door, put the vehicle in park, turned the ignition off, and removed the appellant from the vehicle.

Officer Davis and Detective Filer testified that the appellant appeared to be very intoxicated. He could barely stand and could not perform any of the field sobriety tests. Detective Filer then arrested the appellant and observed that appellant for twenty minutes before administering the breathalyzer. Approximately twenty-eight minutes later, he administered the breathalyzer, and the results indicated that the appellant had a blood alcohol content of .21.

After he was arrested, the appellant stated to Detective Filer that he was "driving around after work having a few." When asked for his driver's license, the appellant responded that he did not have it with him. He identified himself as "Thomas Ray Poarch" who was born in 1972, but Detective Filer later determined that "Thomas Ray Poarch" was in fact the appellant's brother.

Officer Davis testified that only the appellant was in the vehicle. Officer Davis stated that he had not seen anyone walking toward the convenience market from the Pleasant Grove area where the vehicle was found as he and Detective Filer were traveling to the accident scene. Also, Officer Davis testified that he was at the scene approximately sixty minutes and did not see anyone arrive at the scene looking for the appellant.

Todd Poarch, the appellant's brother, testified that he was driving the vehicle that night, not the appellant. He stated that he was driving to his sister's residence when he ran the vehicle off the road. He also stated that he had attempted to get the appellant to help him, but the appellant, who had been passed out, refused. Todd Poarch testified that he walked several miles to a convenience market to call his mother. He then waited there for her so she could take him and his brother home. However, according to Todd Poarch, the

appellant and the car were gone when he and his mother arrived at the accident scene at daybreak.

The appellant's mother, Bessie Poarch, testified that she received a call from her son Todd in the early morning hours on March 15, 1996. She testified that she drove from her home in Cornersville to the Pantry convenience market in Shelbyville to pick up Todd. They then drove to the accident scene and arrived there around daybreak. However, the appellant and the car were no longer there.

The appellant contends that the evidence is not sufficient to support the jury verdict. In his brief, the appellant insists that '[t]he evidence against the [appellant] failed to prove beyond a reasonable doubt that the [appellant] was operating the motor vehicle." However, he provides no specific proof in support of his argument.

The state asserts that the evidence is sufficient to support the appellant's conviction for driving under the influence of an intoxicant. It contends that it "proved beyond a reasonable doubt that the appellant was driving or had physical control of the vehicle on a public road and that the [appellant] was under the influence of an intoxicant." In support of its argument, the state notes that upon the arrival of Officer Davis and Detective Filer, the car was still in drive and was still running. Furthermore, the tires were spinning, the headlights were on, and the windshield wipers were running. In addition, the appellant was found by the officers in the driver's seat and slumped over the steering wheel.

The state further argues that both officers determined that the appellant was very intoxicated. He was unable to perform any field sobriety tests, but the breathalyzer that was administered thirty minutes later indicated the appellant's blood alcohol content was .21. The appellant admitted that he had been "driving

around after work having a few." Also, no other individuals were seen in the vicinity of the appellant's vehicle.

Great weight is accorded jury verdicts in criminal trials. Jury verdicts accredit the state's witnesses and resolve all evidentiary conflicts in the state's favor. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). Appellants, therefore, carry the burden of overcoming a presumption of guilt when appealing jury convictions. Id.

When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Tenn. R. App. P. 13(e); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985). The weight and credibility of witness testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978).

Tennessee Code Annotated § 55-10-401 (Supp. 1996) states that it is unlawful for any person to drive or to be in control of any automobile or other motor vehicle on any public roads and highways while under the influence of an intoxicant. From our review of the record, the appellant, who had a blood alcohol level of .21, was found by two officers in the driver's seat and slumped over the steering wheel of a car that was still in drive. The tires were spinning, the headlights were on, and the windshield wipers were running. The appellant

admitted that he had been "driving around after work having a few," and no other individuals were seen in the vicinity of the accident scene or on the road toward the convenience market.  Based on the foregoing, we conclude that a trier of fact could have found the appellant guilty of driving under the influence of an intoxicant beyond a reasonable doubt.  The evidence is sufficient.

No dispute exists that the appellant had been declared a habitual motor vehicle offender.  Since we have found the evidence sufficient as to DUI, we find the evidence equally sufficient as to the other charge.

We affirm the judgment of the trial court.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge


_____
JERRY L. SMITH, Judge