**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**
**JULY SESSION, 1998**

FILED

September 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **BETSY JANE PENDERGRAST,** | ) | |
| | ) | No. 01C01-9707-CC-00307 |
| Appellant | ) | |
| | ) | **RUTHERFORD COUNTY** |
| vs. | ) | |
| | ) | Hon. James K. Clayton, Jr., Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | **(Post-Conviction)** |
| Appellee | ) | |

For the Appellant:

**Jim Wiseman** and
**Sally Schneider**
131 North Church Street
Murfreesboro, TN 37130

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth B. Marney**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William C. Whitesell, Jr.**
District Attorney General
3rd Floor, Judicial Building
Murfreesboro, TN 37130

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Betsy Jane Pendergrast, appeals the dismissal of her petition for post-conviction relief by the Rutherford County Circuit Court. Specifically, the appellant contends that her trial counsel was ineffective for failing to provide the State notice of expert testimony and for failing to make a complete offer of proof on the excluded witnesses.

After a review of the record, we affirm the judgment of the trial court denying the appellant post-conviction relief.

The appellant's conviction resulted from events which occurred on November 11, 1989. Specifically, on that afternoon, the appellant, her husband, and several acquaintances gathered to socialize and consume alcohol. Throughout the day, the appellant and her husband, the victim, engaged in numerous physical and verbal altercations. An acquaintance finally separated the two by pushing the victim in a chair. Shortly thereafter, the victim displayed a knife. The appellant responded to this action by obtaining a knife and a mop from the kitchen. While the victim was still seated in the chair, the appellant approached him from behind and stabbed him in his chest, resulting in the victim's death. See State v. Pendergrast, No. 01C01-9110-CC-00310 (Tenn. Crim. App. at Nashville, Oct. 8, 1992), perm. to appeal denied, (Tenn. Jan. 25, 1993). This evidence was sufficient for a jury to convict the appellant of second degree murder. The jury's verdict was affirmed on direct appeal by this court. See Pendergrast, No. 01C01-9110-CC-00310. The appellant is currently incarcerated in the Tennessee Department of Correction where she is serving a twenty-five year sentence for this conviction.

On February 1, 1996, the appellant filed the instant petition for post-conviction relief. The trial court summarily granted the State's motion to dismiss the

2

petition upon grounds that the petition was time-barred under the statute of limitations. On appeal, a panel of this court determined that the statute of limitations had not yet run on the appellant's right to file a petition for post-conviction relief. See Pendergrast v. State, No. 01C01-9607-CC-00289 (Tenn. Crim. App. at Nashville, May 16, 1997). Accordingly, this cause was remanded to the trial court for a hearing on the merits of the petition. Id.

An evidentiary hearing on the merits of the petition was held on July 15, 1997. At the hearing, the appellant's appointed counsel argued that the appellant was denied effective representation by trial counsel because trial counsel failed to provide the State advance notice, pursuant to Rule 12.2, Tenn. R. Crim. P. , of his intent to submit expert witnesses regarding the "battered woman syndrome" and because, when such evidence was excluded by the trial court, defense counsel made no offer of proof for the record.[1]  No proof on this issue was presented at the post-conviction hearing. Rather, the appellant relied solely upon the argument of post-conviction counsel. The appellant, in essence, asks this court to find trial counsel deficient for failing to present before the jury the testimony of three witnesses who would have testified concerning the "battered woman syndrome." "When a petitioner contends that trial counsel failed to . . . present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1990). "As a general rule, this is the only way the petitioner can establish that (a) a material witness existed . . . and (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Id. The trial court determined that the appellant's complaints warranted no relief and dismissed the petition. Specifically, the trial court found that any testimony regarding the

---

[1]Post-conviction counsel also alleged that the appellant's right to confrontation was violated and that trial counsel was ineffective for failing to raise the theory of self-defense. Issues involving these allegations are not presented in this appeal.

3

"battered woman syndrome" "would have been hearsay as this Defendant was never examined by this expert witness."

The appellant's petition for post-conviction relief is not included in the record before this court; neither is a transcript of the trial proceedings, relied upon by the appellant before the trial court and on appeal. Notwithstanding the instruction in the appellant's brief as to where this court may find the pertinent parts of the record, we remind the appellant that it is her duty, and not the duty of this court, to prepare an adequate record on appeal. Tenn. R. App. P. 24(b); State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993); State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993), perm. to appeal denied, (Tenn. 1994) (citations omitted). The failure to so prepare the record precludes this court from completing a meaningful review, and, thus, determining the issues presented. Ballard, 855 S.W.2d at 561; Banes, 874 S.W.2d at 82 (citations omitted).

Again, no proof was presented at the evidentiary hearing. Rather, the appellant relied solely upon the argument of counsel to support her allegations. It is well established that the argument of counsel is not evidence. See State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Likewise, neither are the recitation of facts or argument of counsel contained in the briefs. Id. (citations omitted). When no evidence is preserved in the record for review, we are hindered in our review of the issue. Roberts, 755 S.W.2d at 836. Consequently, the absence of any evidence in the record, leads us to conclusively presume that the findings of fact and conclusions of law made by the trial court are correct. See Roberts, 755 S.W.2d at 836.

In order to prove that counsel was ineffective, the appellant must show that counsel's representation fell below the range of competence demanded of attorneys in criminal cases, Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), and, that, but

4

for these errors, the result of the proceeding would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984); <u>State v. Melson</u>, 772 S.W.2d 417, 419 n.2 (Tenn.), <u>cert. denied</u>, 493 U.S. 874, 110 S.Ct. 211 (1989). In light of (1) the strong presumption of satisfactory representation, <u>Barr v. State</u>, 910 S.W.2d 462, 464 (Tenn. Crim. App.), <u>perm. to appeal denied</u>, (Tenn. 1995), and (2) the appellant's failure to present any evidence, she cannot prove her allegations contained in her "petition" by clear and convincing evidence.  <u>See</u>  Tenn. Code Ann. § 40-30-210(f) (1995 Supp.).

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
JERRY L. SMITH, Judge