IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 20, 2001 Session

## STATE OF TENNESSEE v. JEFFREY T. SILER

**Direct Appeal from the Criminal Court for Knox County**
**No. 66487B     Mary Beth Leibowitz, Judge**

---

**No. E2000-01570-CCA-R3-CD**
**April 17, 2001**

---

Defendant was convicted by a Knox County jury of the offense of felony murder and received a life sentence. He raises the following two issues on appeal: (1) whether the trial court erred in denying his motion to suppress his confession; and (2) whether the trial court erred in disallowing certain expert testimony. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

John W. Routh, Knoxville, Tennessee, for the appellant, Jeffrey T. Siler.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Sally Jo Helm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant was tried by a Knox County jury, found guilty of first degree murder in perpetration of an attempted especially aggravated robbery, and sentenced to life imprisonment. On appeal, he attacks the admissibility of his confession to law enforcement authorities and the failure of the trial court to allow the testimony of a psychologist. Upon review of the record, we affirm the judgment of the trial court.

## BACKGROUND

Although the defendant does not challenge the sufficiency of the evidence, we recite the following facts pursuant to the state's proof at trial. The defense offered no proof at trial.

On February 19, 1998, the fifteen-year-old defendant and fifteen-year-old Lavon Davis were riding with Jason Copley. Davis stated that he was "looking for a lick," meaning someone to rob. Upon seeing fifty-six-year-old Tommy Haworth, the victim, walking down the street, they decided to rob him. The defendant agreed to take Davis' pistol, and Davis and the defendant exited the vehicle and followed the victim to his residence. There, the defendant confronted the victim and asked him for money. The victim replied that he had none. The defendant then cocked the pistol, and it fired. The victim was hit in the face with the bullet and died as a result of this gunshot wound.

The defendant and Davis fled the scene, and the defendant threw the empty shell casing into a storm drain. Copley, who had remained in the vehicle, stayed at the scene and told someone to call 911.

The defendant and Davis were subsequently arrested, and the defendant confessed his involvement in the offense. In his statement the defendant contended the gun went off accidentally during the attempted robbery, and he did not intend to shoot the victim.[1] An analysis of the shell casing found in the storm drain and the projectile recovered in the victim's toboggan revealed they were fired from the pistol recovered from Davis' coat pocket. The defendant's fingerprints were also found on the door of the victim's residence.

The defendant was transferred from juvenile court to the Criminal Court for Knox County and indicted in Count 1 for first degree murder during the perpetration of an attempted especially aggravated robbery and in Count 2 for attempted especially aggravated robbery. On the morning of trial, the defendant entered a guilty plea to attempted especially aggravated robbery, and the case was tried before a jury on the felony murder charge. The jury found the defendant guilty of felony murder. The defendant was sentenced to concurrent sentences of life for felony murder and eight years for attempted especially aggravated robbery.

## SUPPRESSION OF CONFESSION

Defendant contends that his aunt, who had legal custody of him, should have been present during the police interrogation. He contends that the presence of his mother, who did not have legal custody of him, was insufficient. He further contends that he lacked the capacity to give a voluntary statement.

We are precluded from considering this issue. The record does not contain a transcript of the suppression hearing. It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues presented for appellate review. Tenn. R. App. P. 24(b); *see* State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). The appellant's

---

[1]We parenthetically note that an accidental shooting is no defense to first degree murder in perpetration of an attempted robbery. *See* State v. Middlebrooks, 840 S.W.2d 317, 336 (Tenn. 1992).

failure to include a transcript of the suppression hearing waives the issue. *See* State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993).

## EXPERT TESTIMONY

Defendant next contends the trial court erred in disallowing the testimony of a psychologist. At the conclusion of the state's proof, defense counsel announced his intention to call Dr. Michael Buckner, a psychologist who performed an evaluation on the defendant. Defense counsel contended Dr. Buckner's testimony would address the defendant's "intent" with regard to felony murder and the mental state of "knowing" with regard to the lesser offense of second degree murder.

The trial court concluded that the defendant's voluntary plea of guilty to the underlying felony of attempted especially aggravated robbery conclusively established the "intent" requirement for felony murder, noting that felony murder does not require a mental state other than the intent to commit the underlying felony. The trial court agreed that Dr. Buckner could testify with regard to the "knowing" element of second degree murder. The trial court suggested that the defendant might want to have a jury-out hearing with regard to Dr. Buckner's proposed testimony. Defense counsel also stated that he might want a jury-out hearing after he again conferred with Dr. Buckner. After conferring with Dr. Buckner, defense counsel announced that he had decided not to call Dr. Buckner as a witness. No offer of proof was presented as to Dr. Buckner's proposed testimony.

An appellate court may not find error in the exclusion of evidence unless an offer of proof is contained in the record, or the excluded evidence is otherwise apparent from the record. Tenn. R. Evid. 103(a)(2); Alley v. State, 882 S.W.2d 810, 815 (Tenn. Crim. App. 1994). Here, we are unable to speculate as to the proposed testimony of Dr. Buckner. Thus, the issue is waived.

Furthermore, we reject defendant's argument that such testimony would be relevant to the "reckless" *mens rea* required for felony murder. Felony murder no longer requires a culpable mental state, except the intent to commit the underlying felony. *See* Tenn. Code Ann. § 39-13-202(b) (1997). In addition, the trial court did not preclude expert testimony with regard to the "knowing" element of second degree murder. Instead, the defendant chose not to call Dr. Buckner.

This issue is without merit.

## CONCLUSION

Based upon our examination of the record, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE