# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs April 8, 2008

## TIMOTHY E. HIGGS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Weakley County**
**No. CR66-1999   William B. Acree, Jr., Judge**

---

**No. W2007-01882-CCA-R3-PC  - Filed December 30, 2008**

---

This case is before this court upon the petitioner's, Timothy E. Higgs, motion to late-file his notice of appeal.  Upon our review of the record and the parties' briefs, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Timothy E. Higgs, Petros, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In 1999, the petitioner was convicted by a Weakley County Circuit Court Jury of possession of contraband in a penal institution.  For the conviction, the petitioner was sentenced as a Range III persistent offender to ten years in the Tennessee Department of Correction.  On direct appeal, the petitioner challenged the sufficiency of the evidence supporting his conviction.  On July 24, 2000, this court affirmed his conviction.  State v. Timothy E. Higgs, No. W1999-01534-CCA-R3-CD, 2000 WL 1024553, at *1 (Tenn. Crim. App. at Jackson, July 24, 2000).  Our supreme court denied the petitioner's application for permission to appeal on March 12, 2001.

The next day, on March 13, 2002, the petitioner filed a petition for post-conviction relief, alleging that his appellate counsel was ineffective for failing to properly raise the sufficiency of the evidence supporting his conviction and to challenge the petitioner's classification as a Range III

persistent offender. The post-conviction court entered an order denying the petition on July 10, 2002, and the certificate of service signed by the Deputy Clerk reflects that a copy of the denial was sent to the petitioner.

On January 26, 2004, the Weakley County Circuit Court received a letter from the petitioner requesting "[c]opies of [j]udgment forms; [t]rial and [j]udgment [t]ranscripts" in order to "present a collateral attack on [his] sentence and conviction." Thereafter, on January 30, 2004, the petitioner filed a petition for habeas corpus relief, challenging his classification as a Range III persistent offender and the ten-year sentence he received because of that classification. Timothy E. Higgs v. State, No. E2005-02712-CCA-R3-HC, 2006 WL 3628074, at *1 (Tenn. Crim. App. at Knoxville, Dec. 14, 2006). On appeal, this court affirmed the habeas corpus court's denial of relief, concluding that the petitioner was properly found to be a Range III persistent offender. Id. at *2.

Subsequently, on July 23, 2007, more than five years after his petition for post-conviction relief was denied, the petitioner filed a motion entitled "Delayed Appeal/Notice of Appeal." In the motion, the petitioner asserted that his motion was filed pursuant to Rule 4 of the Tennessee Rules of Appellate Procedure and that he "never received notice of final judgment in his post conviction petition." He asked the post-conviction court to "except [sic] Petitioner's Delayed and Notice of Appeal, and allow Petitioner to proceed and file his[] Rule 3 Appeal as Rights." The post-conviction court entered an order providing that the motion "will be submitted to the Court of Criminal Appeals."

The petitioner filed a notice of appeal "from the denial of motion for delayed notice of appeal." On appeal, the petitioner argues that he was never informed of the outcome of his post-conviction petition and that his post-conviction counsel never filed a motion to withdraw. Because of these failures, the petitioner now seeks a "delayed appeal" of the denial of post-conviction relief.

## II. Analysis

As we stated earlier, the petitioner originally requested that he be granted permission to late-file his notice of appeal, specifically arguing that Rule 4 of the Tennessee Rules of Appellate Procedure provided for the waiver of a timely notice of appeal in the interest of justice. However, the petitioner has abandoned this request on appeal and has instead raised the issue of whether he is entitled to a delayed appeal of the post-conviction court's denial of his post-conviction petition. This court has previously cautioned that a party is bound by the evidentiary theory argued to the trial court and may not change or add theories on appeal. See State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). Therefore, the only issue properly before this court is whether the timely filing of the notice of appeal should be waived. State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995).

Turning to the petitioner's request, we note that ordinarily "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn.

R. App. P. 4(a).  "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case."  State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. at Nashville, Dec. 27, 2005).

The petitioner's motion was filed almost five years beyond the date for filing a timely notice of appeal.  We can discern nothing in the record indicating that a waiver of the timely filing of a notice of appeal would be required "in the interest of justice."  Despite the petitioner's assertions that he did not know the outcome of his post-conviction petition, the certificate of service indicates that the trial court clerk sent to the petitioner a copy of the order denying his post-conviction petition.  Moreover, the petitioner has forwarded no explanation why he waited five years to seek an appeal.  Notably, before the petitioner attempted to appeal the denial of post-conviction relief, he wrote letters to the trial court seeking copies of various trial documents to support his claims for habeas corpus relief.  Thereafter, the petitioner sought habeas corpus relief on similar grounds to that raised in his post-conviction petition, namely the correctness of his classification as a Range III persistent offender.  The sufficiency of the evidence supporting his conviction, also a similar issue to one raised in his post-conviction petition, was previously determined on direct appeal.  Thus, the interests of justice do not require a waiver of the timely filing of a notice of appeal.

### III.  Conclusion

Based upon the foregoing, the petitioner's appeal is dismissed.

_____
NORMA McGEE OGLE, JUDGE

-3-