IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
AUGUST 1997 SESSION



FILED

September 5, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | C.C.A. No. 03C01-9611-CR-00431 |
| Appellee, | ) | |
| | ) | Hamblen County |
| V. | ) | |
| | ) | Honorable Ben K. Wexler, Judge |
| | ) | |
| **MICHAEL DRINNON,** | ) | (DUI) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

George W. Eichelman
District Public Defender

D. Clifton Barnes
Assistant Public Defender
1609 College Park Drive
P.O. Box 11
Morristown, TN 37813-1618

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Berkeley Bell, Jr.
District Attorney General

John F. Dugger, Jr.
Victor J. Vaughn
Assistant District Attorneys General
Hamblen County Justice Center
510 Allison Street
Morristown, TN 37814

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Michael Drinnon, was convicted by a jury of driving under the influence (DUI) and driving on a revoked license. Both convictions were for second offenses for each individual crime. He received 11 months and 29 days, with a 50% release eligibility date for the DUI conviction and 11 months and 29 days for driving on a revoked license.[1] He appeals challenging the sufficiency of the convicting evidence and his sentence. Upon review, we affirm.

**FACTS**

At approximately one in the morning a Morristown police officer observed the appellant driving 30 miles an hour in a 45 mile-an-hour zone. The officer noticed that the appellant was riding his brakes and weaving within his lane. The officer pulled the appellant over and requested his driver's license. The appellant was unable to produce a driver's license. When asked if he had been drinking, the appellant stated that he had consumed two beers.

The officer requested that the appellant perform a series of field sobriety tests. Based upon the officer's observations and experience, he felt the appellant failed each of these tests. The officer asked the appellant to take a chemical test to determine his blood alcohol content. He refused stating that he had taken two pain pills. Based upon the foregoing information, the officer placed the appellant under arrest.

**I**

---

[1] The appellant was to serve 45 days on this conviction with the remainder served on probation.

In his first issue the appellant contends that the evidence was insufficient to support his conviction for DUI. He argues that no rational jury could have found him guilty of DUI beyond a reasonable doubt. We disagree.

Great weight is accorded jury verdicts in criminal trials. Jury verdicts accredit state's witnesses and resolve all evidentiary conflicts in the state's favor. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). Appellants, therefore, carry the burden of overcoming a presumption of guilt when appealing jury convictions. Id.

When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985); Tenn. R. App. P. 13(e). The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978).

The appellant admitted that he had consumed alcohol the evening of his arrest. He also admitted he had taken two pain pills. The arresting officer testified that the appellant failed three field sobriety tests and refused to take a chemical test. Furthermore, at trial, the state presented a videotape of the stop and arrest. The jury was able to view the tape and determine for themselves whether the appellant passed or failed the field sobriety tests. A rational jury

could, and indeed did, find the appellant guilty of DUI. This issue is without merit.

II

The appellant next contends that the trial court erred in setting a 50% release eligibility date for his DUI conviction. He argues that considering the mitigating factors in this case, he should have received a minimum sentence. We disagree.

Although the appellant argues that due to mitigating factors he should have received a minimum sentence, he fails to bring any evidence of mitigation to the attention of this Court. Upon review of the record, we find that none exists. The appellant's presentence report did reveal that he had an extensive criminal history.[2] We find nothing in the record to suggest that the appellant was improperly sentenced. This issue is without merit.

**CONCLUSION**

After considering the appellant's issues, we find no error of law mandating reversal. Accordingly, we affirm the judgment of the trial court.

_____
PAUL G. SUMMERS, Judge

---

[2]The presentence report reveals that the appellant had been arrested and/or convicted of over 30 different crimes. His past offenses include fraud, possession of a weapon, possession of a controlled substance, shoplifting, theft, assault on an officer, vandalism, public intoxication, felony escape, introducing drugs into jail, DUI, disorderly conduct, parole violations, disturbing the peace, and many other crimes. The trial judge even remarked that because the appellant's prior record consumed so many pages, by the time the appellant is as old as the judge and continues this criminal activity, "the computer will run out of space [to list the] charges...." The appellant was 32 years old at sentencing.

CONCUR:

_____
GARY R. WADE, Judge

_____
WILLIAM M. BARKER, Judge