# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1997 SESSION

FILED

May 7, 1997

Cecil Crowson, Jr.
Appellate Court Clerk


| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) C.C.A. No.  03C01-9608-CR-00287 |
| Appellee, | ) |
| | ) Hamilton County |
| V. | ) |
| | ) Honorable Stephen M. Bevil, Judge |
| | ) |
| CHARLES FRANK GRIFFIN, | ) (Aggravated Robbery-2 counts) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Laura Rule Hendricks
Eldridge, Irvine & Hendricks
606 W Main Street, Suite 350
P.O. Box 84
Knoxville, TN 37901-0084

Ardena J. Garth
District Public Defender

Karla G. Gothard
Executive Assistant
District Public Defender
701 Cherry Street, Suite 300
Chattanooga, TN 37402-1910

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Timothy F. Behan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox III
District Attorney General

Rebecca J. Stern
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

## O P I N I O N

The appellant, Charles Frank Griffin, was indicted on two counts of aggravated robbery. He was convicted by a jury on both counts. He received a thirty-year sentence on each count. The sentences were ordered to run consecutively. He appeals challenging the sufficiency of the evidence and the consecutive nature of his sentences. Upon review, we affirm.

I

The appellant contends that the evidence presented at trial is insufficient to sustain his convictions. He asserts that the only evidence presented against him was the identification of him by both of the robbery victims. He claims that these identifications were tainted.[1]

Great weight is accorded jury verdicts in criminal trials. Jury verdicts accredit the state's witnesses and resolve all evidentiary conflicts in the state's favor. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). Appellants, therefore, carry the burden of overcoming a presumption of guilt when appealing jury convictions. Id.

When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); State v. Duncan, 698 S.W.2d 63 (Tenn. 1985); Tenn. R. App. P. 13(e). The

---

[1]He contends that the photo array was tainted because each line-up photograph contained at least one person who had already been in a previous line-up photograph.

weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. State v. Sheffield, 676 S.W.2d 542 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978).

Both victims testified that they got a very good look at the appellant during the robbery. Each gave a similar description of the appellant to the police. After viewing hundreds of photographs, both victims independently agreed the appellant was the man who had robbed them. Also, a witness testified that he saw a car, the same make and model as the appellant's car, leaving the scene of the crime shortly after it occurred.

The jury in this case chose to believe the testimony of the state's witnesses. A rational trier of fact could have found the appellant guilty of the charged crimes. This issue is without merit.

II

The appellant next contends that the trial court erred in ordering the appellant's two thirty-year sentences to be served consecutively. [2] He avers that, while his criminal record is extensive, this factor was used to enhance his status to that of a career offender and should not also be used to support the implementation of consecutive sentences. Also, he argues that the trial court erred in finding that he acted with no hesitation when the risk to human life was high. He claims that this factor is an essential element to every aggravated robbery conviction.

The record reveals that the trial judge followed the sentencing guidelines. He found the appellant's criminal history to be extensive. The trial court also

---

[2]The appellant stipulates that he was correctly classified as a career offender. He has eight class B, two class D, and four class E felonies on his record. Furthermore, he agrees that a 30-year sentence on each conviction was appropriate and that these sentences have to be served consecutively to the life sentence he is now serving resulting from his revocation of parole.

considered the nature of the crime, the appellant's past attempts at parole, and society's need for protection against such individuals as the appellant. We find nothing in the record to suggest the ordering of consecutive sentences was inappropriate or too vigorous for his criminal activities.

The appellant fits Tenn. Code Ann. §§ 40-35-115(a)(2) and (4). Frankly, we think the legislature contemplated criminals like this appellant when they passed this section on multiple convictions in 1989. The appellant has earned the reward of being incarcerated consecutively on the two convictions and consecutively to earlier parole violations or convictions. His incorrigible conduct necessitates his spending his twilight years in the Tennessee Department of Correction.

AFFIRMED.

_____
PAUL G. SUMMERS, Judge

CONCUR:

-5-

_____
JOHN H. PEAY, Judge


_____
CORNELIA A. CLARK, Special Judge